**HI-PLAINS ENTERPRISES, INC.,**
Petitioner-Appellee,

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellant.**

No. 73-1641.

United States Court of Appeals, Tenth Circuit.

May 8, 1974.

---

Howard A. Spies of Schroeder, Heeney, Groff & Spies, Topeka, Kan. (Barney J. Heeney, Jr., Topeka, Kan., with him on the brief), for petitioner-appellee.

Scott P. Crampton, Asst. Atty. Gen., and Dennis M. Donohue, Atty., Tax Div., Dept. of Justice, Washington, D. C. (Meyer Rothwacks and Jonathan S. Cohen, Attys., Tax Div., Dept. of Justice, Washington, D. C., with them on the briefs), for respondent-appellant.

Before LEWIS, Chief Judge, and PICKETT and BARRETT, Circuit Judges.

PICKETT, Circuit Judge.

For the years 1966, 1967 and 1968, Hi-Plains Enterprises, Inc., a Kansas corporation engaged in the business of feeding cattle for market, filed its income tax return on a cash method of accounting. The Commissioner of Internal Revenue concluded that the taxpayer was not a "farmer" and its business was such that its income should be determind on an accrual basis. Consequently, substantial deficiencies were assessed against the taxpayer. On petition for redetermination, the Tax Court found that the taxpayer's operations were those of a farmer, which permitted it to elect to report its income on a cash basis, and vacated the deficiencies. 60 T. C. 158 (1973). We affirm the Tax Court.

The taxpayer corporation was organized as of March 1, 1966. It owned lands near the town of Leoti, Kansas upon which it constructed and operated feedlots for the fattening and conditioning of cattle to be sold to meat packers. During the taxable period in question, the capacity of the lots varied from 12,000 to 24,000 cattle. The taxpayer was not a cattle producer, but in the course of is business purchased feeders for itself and for others, known as customers, who desired to utilize its services and feedlots for the purpose of fattening cattle. Over the period in queston, the cattle on feed in the lots were owned on the average approximately 50% by the taxpayer and 50% by customers. The entire operation was conducted as one business, with the exclusive management in the taxpayer. All services necessary for conditioning of the cattle, regardless of ownership, were the same. The customer paid for the use of lots, feed and other necessary services, according to an arrangement between the parties resulting in income to the taxpayer. In making its tax returns, the taxpayer deducted the

total amounts expended for cattle feed during the taxable year as an item of expense. Its taxable income was the amount received from the sale of its own cattle and receipts from its customers, less necessary costs and expenses. The feed costs constituted the principal item of expense. The Commissioner concluded that the taxpayer was not a farmer in any of its operations, and therefore must report its total income on the accrual method of accounting, allowing as an expense deduction only the cost of feed actually utilized during the taxable year. A computation of the income on an accrual basis resulted in the deficiencies.

The contention that the taxpayer does not qualify as a farmer in any of its operations has been abandoned. Consequently, the narrow question presented here is whether the taxpayer is a "farmer" as defined in United States Treasury Regulations on Income Tax, permitting it to exercise the option to report, on a cash method of accounting, its income from customer accounts.[1]

United States Treasury Regulation § 1.471–6, Inventories of livestock raisers and other farmers, provides:

(a) A farmer may make his return upon an inventory method instead of the cash receipts and disbursements method. It is optional with the taxpayer which of these methods of accounting is used . . . .

Section 1.162–12 authorizes a farmer, in computing taxable income, to deduct from gross income all necessary expenses, including "[t]he purchase of feed and other costs connected with raising livestock . . . insofar as such costs represent actual outlay . . . ." See United States v. Catto, 384 U.S. 102, 106, n. 6, 86 S.Ct. 1311, 1314, 16 L.Ed.2d 398 (1966). Section 1.61–4(d), Definition of "farm", is as follows:

As used in this section, the term "farm" embraces the farm in the ordinarily accepted sense, and includes stock, dairy, poultry, fruit, and truck farms; also plantations, ranches, and all land used for farming operations. All individuals, partnerships, or corporations that cultivate, operate, or manage farms for gain or profit, either as owners or tenants, are designated as farmers. . . .

In holding that the taxpayer was engaged in farming, the Tax Court said:

If petitioner is not a farmer, then it is undoubtedly proper for the Commissioner to hold petitioner to the strict accrual method of reporting, just like an ordinary business that keeps its books and records on that basis. Thus the issue is squarely joined, and we think the authorities point to the conclusion that petitioner should be classed as a farmer for tax accounting purposes. Cases like *W. P. Garth, supra*, and United States v. Chemell, *supra*, tell us that the definition of the term "farm" for our purposes herein can be found in section 1.61–4(d), Income Tax Regs. Those two cases held respectively that an integrated poultry business and a poultry hatchery business are farms. *W. Cleve Stokes, supra*, held that a nursery was a farm under the regulation. The breadth of the definition cannot be denied.

*See also* United States v. Chemell, 243 F.2d 944 (5th Cir. 1957).

The essence of the Commissioner's argument is that in its activities as to the customers' cattle, the taxpayer is engaged in furnishing a service that is comparable to any other business which has farmers for customers, including one which sells cattle feed to farmers. The Commissioner overlooks the fact that the taxpayer is engaged only in the business of feeding cattle, which is con-

1. Apparently the Commissioner concedes that the taxpayer is a farmer as to the feeding of its own cattle and seeks a remand to the Tax Court for the purpose of allowing the taxpayer to establish the portion of its total expenditures incurred in its business allocable to its own cattle.

ceded to be that of a farmer within the meaning of the regulations. Its activities with reference to customers' cattle are identical with those of its own. This arrangement is not analogous to a grain elevator or a feed store selling grain or feed to a farmer, and having no control or management of the farm operation. The regulation defining "farm" includes the livestock business and the management of farms. Nowhere in the regulations or decisions has there been any indication that a farmer's right under the regulations is affected by the ownership of farm property which he operates. We think the indications are otherwise. *See* United States Treasury Regulation § 1.175–3.

Affirmed.