**In re CATTLE COMPLEX CORP., a/k/a Chaves County Cattle Company and "3C", Debtor.**

**Bankruptcy No. 11–85–00592 MR.**

United States Bankruptcy Court, D. New Mexico.

Sept. 3, 1985.

Randall H. Fields, Mark Gregory Sessions, San Antonio, Tex., Douglas T. Francis, Albuquerque, N.M., for debtor.

Charles Cresswell, Las Cruces, N.M., for Production Credit Ass'n.

Susan Austin, El Paso, Tex., for Chaves County Cattle Corp.

Daniel J. Behles, Albuquerque, N.M., for Bank of Northern N.M. and Jeffrey Lane.

Michael Wile, Albuquerque, N.M., for Unsecured Creditor's Committee.

Gail Gottlieb, Albuquerque, N.M., for Federal Land Bank of Wichita.

John Zavitz Gen. Counsel, Albuquerque, N.M., for U.S. Dept. of Agriculture.

Jeffrey L. Bowman, Roswell, N.M., for United New Mexico Bank at Roswell.

Victoria Arends, Roswell, N.M., for First Interstate Bank at Roswell.

Robert H. Jacobvitz, Albuquerque, N.M., for BJ–GS Cattle Jack Harvard, Richard Johnson, William A. Kreutz & Donna Kreutz, Carl W. Matheson, Robert McGiboney, G. Frederick Seeman, Wilson Cattle Co.

## ORDER DENYING MOTION TO CONVERT TO CHAPTER 7

MARK B. McFEELEY, Bankruptcy Judge.

This matter came before the Court on August 29, 1985, on motion by Production Credit Association to convert this proceeding from chapter 11 to chapter 7. The following parties were represented by counsel:

Debtor by Mark Sessions, Randall Fields and Douglas T. Francis

Production Credit Association by Charles Cresswell

Chaves County Cattle Corp. by Susan Austin

Bank of Northern New Mexico and Jeffrey Lane by Daniel J. Behles

Unsecured Creditor's Committee by Michael Wile

Federal Land Bank of Wichita by Gail Gottlieb

In response to the motion to convert the debtor alleged that it was a "farmer" 11 U.S.C. 101(17) in that it was engaged in activity falling within the term "farming operation" as defined in 11 U.S.C. 101(18). The debtor corporation is a feedlot. It is engaged in feeding cattle, the majority of which belong to other people, until such cattle are ready for slaughter. The owners of the cattle placed on the debtor's feedlot pay the debtor to feed, water and otherwise care for the cattle. Debtor raises little, if any, of the feed which the cattle consume. The Bankruptcy Code expanded the definition of "farmer" to explicitly include corporations See, 2 *Colliers on Bankruptcy*, § 101.17 (15 Ed.1983).

The question for decision is whether the feedlot operation can be considered a "farming operation" as defined by the Bankruptcy Code. The legislative history of 11 U.S.C. 101(18) indicates that the term "farming operation" should be given a broad interpretation. 124 Cong.Rec. S17, 406–07 (daily ed. Oct. 6, 1978) (remarks of Sen. DeConcini); *In re Blanton Smith Corporation*, 3 C.B.C.2d 358, 7 B.R. 410, 6 B.C.D. 1389 (M.D.Tenn.1980).

In *High-Plains Enterprises, Inc. v. Commissioner of Internal Revenue* 496 F.2d 520 (10th Cir.1974) the Court held that a feedlot was a "farmer" under the United States Treasury Regulation defining "farmer." That definition is certainly no more encompassing than the Bankruptcy Code definition for "farming operation."

Having concluded that the debtor is a "farmer", 11 U.S.C. § 1112(c) prohibits the Court from converting the case unless the debtor requests such conversion. The debtor has made no such request nor has it

consented to conversion. Production Credit Association's motion to convert must be denied.

IT IS ORDERED that Production Credit Association's motion to convert to chapter 7 is denied.