ROY C. KENNEDY, SR., ET AL.,[1] PETITIONERS *v.*
COMMISSIONER OF INTERNAL REVENUE,
RESPONDENT

Docket Nos. 4308-85, 4541-85,      Filed July 16, 1987.
4557-85, 4558-85,
5639-85.

---

[1]The cases of the following petitioners are consolidated herein: Terry W. Kennedy and Martha S. Kennedy, docket No. 4541-85; Roy C. Kennedy, Sr., and Sarah P. Kennedy, docket No. 4557-85; Dennis C. Kennedy and Pamela G. Kennedy, docket No. 4558-85; and Jimmy N. Walley and Peggy L. Walley, docket No. 5639-85.

*Claude R. Wilson, Jr.*, and *William S. Lee*, for the petitioners.

*John S. Repsis*, for the respondent.

OPINION

WILLIAMS, *Judge*: These consolidated cases are before the Court on petitioners' motion for award of litigation costs pursuant to section 7430.[2]

The Commissioner determined deficiencies in petitioners' Federal income taxes as follows:

| Docket No. | TYE Dec. 31— | Deficiency |
|---|---|---|
| 4308-85 | 1980 | $135,273.81 |
| 4541-85 | 1980 | 314.63 |
| | 1981 | 4,372.58 |
| | 1982 | 7,332.02 |
| 4557-85 | 1981 | 103,552.70 |
| 4558-85 | 1980 | 1,950.87 |
| | 1981 | 1,402.96 |
| | 1982 | 216.91 |
| 5639-85 | 1980 | 640.48 |

---

[2]All section references are to the Internal Revenue Code of 1954 as amended and in effect for the years at issue, unless otherwise indicated.

This Court must decide, for purposes of section 7430, (1) whether petitioners exhausted their administrative remedies; and (2) whether the position of the United States in the litigation of these cases was unreasonable.

On or about November 1, 1982, respondent commenced a Taxpayer Compliance Measurement Program (TCMP) examination of petitioners' dairy business activities, which involved three partnerships and four individuals. Petitioners were dairy farmers during the years at issue. Petitioner Roy C. Kennedy, Sr., is the uncle of petitioners Terry W. Kennedy and Dennis C. Kennedy. Roy Kennedy was in business independently, and jointly through separate partnerships with Terry Kennedy, Dennis Kennedy, and Jimmy Walley. Roy Kennedy and the partnerships purchased and sold significant numbers of cattle during the years at issue.

The TCMP examination began in November 1982. At the request of respondent, petitioners consented to one extension of the statute of limitations for their 1980 taxable years to December 31, 1984. Petitioners did not consent to additional · extensions. During respondent's examination, petitioners were represented by the accountant who prepared their returns and who is not a certified public accountant.

On December 13, 1984, respondent mailed notices of deficiency to petitioners. Respondent did not issue a preliminary notice of proposed deficiency in any of these cases. The great majority of respondent's adjustments were based on or were a result of a change of petitioners' and their partnerships' accounting method from the cash method to an accrual method of accounting. Consistent with this change in accounting methods, respondent also required petitioners to inventory their dairy cattle.

Subsequent to the timely filing of their petitions, petitioners' representatives attended conferences with respondent's administrative appeals officer, pursuant to which these cases were settled. The parties filed with this Court separate stipulations as to settled issues in each of the present cases. Pursuant to the stipulations, the parties agreed that petitioners had deficiencies or overpayments in Federal income tax as follows:

| Docket No. | TYE Dec. 31— | Stipulated deficiency (overpayment) |
|---|---|---|
| 4308-85 | 1980 | $12,414.03 |
| 4541-85 | 1980 | (507.37) |
| | 1981 | (4,692.34) |
| | 1982 | (3,298.21) |
| 4557-85 | 1981 | (4,004.26) |
| 4558-85 | 1980 | 11.68 |
| | 1981 | 190.70 |
| | 1982 | 0 |
| 5639-85 | 1980 | [3]0 |

After filing their petitions, petitioners incurred at least $25,000 in reasonable litigation costs within the meaning of section 7430(c)(1).[4]

Section 7430 provides for an award of litigation costs to a "prevailing party" for costs incurred in a civil proceeding in an amount up to $25,000.[5] A prevailing party is a petitioner

---

[3]Pursuant to the terms of their settlement agreement, Jimmy and Peggy Walley have no deficiency, but owe $319 for the taxable year 1980 due to a decrease in earned income credits.

[4]In.a telephone conference call among counsel for respondent, counsel for petitioners, and the Court, after respondent's counsel had examined the time and billing records of petitioners' counsel, respondent conceded that petitioners incurred at least $25,000 in reasonable litigation costs within the meaning of sec. 7430. Therefore, we deem respondent to have abandoned the position expressed in his notice of objection to petitioners' motion for litigation costs that petitioners incurred less than $25,000 in reasonable litigation costs.

[5]SEC. 7430. AWARDING OF COURT COSTS AND CERTAIN FEES.

(a) IN GENERAL.—In the case of any civil proceeding which is—

(1) brought by or against the United States in connection with the determination, collection, or refund of any tax, interest, or penalty under this title, and

(2) brought in a court of the United States (including the Tax Court and the United States Claims Court),

the prevailing party may be awarded a judgment for reasonable litigation costs incurred in such proceeding.

(b) LIMITATIONS.—

(1) MAXIMUM DOLLAR AMOUNT.—The amount of reasonable litigation costs which may be awarded under subsection (a) with respect to any prevailing party in any civil proceeding shall not exceed $25,000.

(2) REQUIREMENT THAT ADMINISTRATIVE REMEDIES BE EXHAUSTED.—A judgment for reasonable litigation costs shall not be awarded under subsection (a) unless the court determines that the prevailing party has exhausted the administrative remedies available to such party within the Internal Revenue Service.

\* \* \* \* \* \* \*

(c) DEFINITIONS.—For purposes of this section—

\* \* \* \* \* \* \*

(2) PREVAILING PARTY.—

(A) IN GENERAL.—The term "prevailing party" means any party to any proceeding described in subsection (a) (other than the United States or any creditor of the taxpayer involved) which—

(i) establishes that the position of the United States in the civil proceeding was unreasonable, and

that, after exhausting his administrative remedies, has substantially prevailed with respect to the amount in controversy or the most significant set of issues, and has established that the position of the United States in the civil proceeding was unreasonable. Sec. 7430(b)(2) and (c)(2). The parties agree that petitioners have substantially prevailed with respect to both the amounts in controversy and the most significant set of issues for purposes of section 7430(c)(2)(A)(ii).

Respondent argues first, however, that petitioners failed to exhaust their administrative remedies by refusing to consent to a second extension of the statute of limitations. A taxpayer's failure to consent to an extension of the statute of limitations on assessment is not per se a failure to exhaust his administrative remedies within the meaning of section 7430(b)(2). *Minahan v. Commissioner*, 88 T.C. 492 (1987).[6] Petitioners consented to one extension and after 2 years of examination by respondent's agent reasonably refused to consent to any more. Therefore, we conclude that petitioners have exhausted their administrative remedies within the meaning of section 7430(b)(2).

Petitioners must also establish, however, that respondent's position in this civil proceeding was unreasonable. For purposes of these cases, pursuant to *Golsen v. Commissioner*, 445 F.2d 985 (10th Cir. 1971), cert. denied 404 U.S. 940 (1971), respondent's position in the civil proceeding includes the administrative position that led to the petitions in these cases being filed. *Powell v. Commissioner*, 791 F.2d 385 (5th Cir. 1986), revg. a Memorandum Opinion of this Court.[7] Thus framed, the issue is whether respondent's

---

(ii)(I) has substantially prevailed with respect to the amount in controversy, or

(II) has substantially prevailed with respect to the most significant issue or set of issues presented.

Sec. 7430 was amended by sec. 1551 of the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2085, 2752, generally effective for amounts paid after Sept. 30, 1986, in civil actions or proceedings commenced after Dec. 31, 1985. These cases were commenced prior to Dec. 31, 1985.

[6]*Minahan v. Commissioner*, 88 T.C. 492 (1987), invalidated secs. 301.7430-1(b)(1)(i)(B) and 301.7430-1(f)(2)(i), Proced. & Admin. Regs.

[7]T.C. Memo. 1985-27. This Court has adopted the rule that respondent's position in the civil proceeding is his position after the taxpayer's petition is filed. *Baker v. Commissioner*, 83 T.C. 822 (1984), revd. on other grounds 787 F.2d 637 (D.C. Cir. 1986). The Fifth Circuit in *Powell v. Commissioner*, 791 F.2d 385 (5th Cir. 1986), has adopted a broader rule by requiring us to examine the administrative position that was the immediate cause of the commencement of the civil proceeding. The Fifth Circuit stated (791 F.2d at 391-392), as follows:

change of petitioners' or their partnerships' (hereinafter collectively referred to as petitioners) accounting method from cash to accrual was unreasonable.

Respondent does not assert that petitioners failed to elect the cash method of accounting or that petitioners used the cash method inconsistently in reporting their Federal income taxes. Rather, respondent argues that petitioners' books and records were inadequate and were kept in a manner inconsistent with the use of the cash method of accounting, relying primarily on Roy Kennedy's practice of recording sales of dairy cattle to the partnerships in ledgers which respondent treats as accounts receivable. Respondent contends that his change of petitioners' accounting method to an accrual method is reasonable, arguing that such method is consistent with petitioners' books and records and that the accrual method of accounting reflects petitioners' income more clearly.

Farmers are explicitly permitted to use, at their option, either the cash method or the inventory method of accounting. Sec. 1.471-6(a), Income Tax Regs.; see sec. 1.61-4, Income Tax Regs.; *Hi-Plains Enterprises, Inc. v. Commissioner*, 60 T.C. 158 (1973), affd. 496 F.2d 520 (10th Cir. 1974). A farmer's election to use either method does not depend on whether one more clearly reflects income than the other. Either method is entirely appropriate and is deemed to reflect income clearly. This "historical concession" to use the cash method is intended to enable farmers to employ simplified bookkeeping, record keeping, and accounting procedures despite a "sacrifice in accounting accuracy." *United States v. Catto*, 384 U.S. 102, 116 (1966); *Gajewski v. Commissioner*, 67 T.C. 181, 196 (1976), affd. by court order 578 F.2d 1383 (8th Cir. 1978). The law permits the use of the cash method of accounting despite some distortion in income, so long as it is used consistently by

"These statements suggest that, under the appropriate facts, if a taxpayer is forced to resort to litigation by an unreasonable IRS administrative position, §7430 does not require the captious position to be ignored. * * * If the IRS takes an arbitrary position and forces a taxpayer to file a suit, then, after the papers have been filed, becomes sweet reason, the taxpayer should be permitted to recover the cost of suing. This does not mean that the IRS position throughout the administrative proceedings need be examined; rather, the inquiry should focus on the IRS's position at the time the taxpayer's petition was filed. This reading of §7430 allows tax litigants to recover the costs of a civil proceeding they never should have been required to initiate.* * * *"

the farmer. *Frysinger v. Commissioner*, 645 F.2d 523 (5th Cir. 1981); see *Maple Leaf Farms, Inc. v. Commissioner*, 64 T.C. 438, 447 (1975).

Petitioners are dairy farmers who have properly elected the cash method of accounting and who have used the cash method consistently in reporting their income on their Federal income tax returns. The fact that Roy Kennedy recorded certain sales of cattle to the three dairy business partnerships, in which he was a partner, in ledgers respondent treats as accounts receivable, does not, under well established principles of law, disqualify petitioners from using, at their option, the cash method for purposes of Federal income tax reporting. Respondent may not change a taxpayer's accounting method to secure more tax for the fisc, if the taxpayer's method clearly reflects income and is used consistently and in accordance with generally accepted accounting principles. See *Sam W. Emerson Co. v. Commissioner*, 37 T.C. 1063 (1962). Respondent acted contrary to his own regulations, contrary to case law, and without factual support for changing petitioners' accounting method from the cash method to the accrual method. Respondent's position was, therefore, unreasonable.

Respondent argues alternatively that petitioners were in a separate trade or business of selling cattle, and therefore were required to inventory their cattle. We find no support for this proposition. See *United States v. Chemell*, 243 F.2d 944 (5th Cir. 1957). First, as a factual matter, the cattle were not held for sale, and second, as a matter of law, a farmer holding cattle for resale is not required to use an inventory method but is entitled to use the cash method of accounting. Secs. 1.61-4(a) and 1.471-6(a), Income Tax Regs.; see *Alexander v. Commissioner*, 22 T.C. 234 (1954). Respondent's position in the litigation of this case was without support and is unreasonable within the meaning of section 7430(c)(2)(A)(i).

Petitioners have satisfied the requirements of section 7430, and, subject to the limitation of section 7430(b)(1), are accordingly entitled to recover reasonable litigation costs incurred of $25,000. Petitioners argue that the $25,000 statutory limit should be applied separately to each case. We disagree. These cases were consolidated on petitioners'

motion in order "to conserve the time of the Court and of the parties by avoiding duplication of evidence, briefs, and opinions." Petitioners believed that common issues of fact and law suggested that these cases should have been tried and decided as one proceeding. The Court agreed and granted petitioners' motion. It is appropriate, therefore, to treat these cases as one civil proceeding for an award of litigation costs. Sec. 7430(d). Therefore, the $25,000 statutory limit applies.[8]

*An appropriate order will be entered.*

---

[8]Because petitioner Roy C. Kennedy has incurred all of petitioners' litigation costs, it is unnecessary for us to allocate among petitioners their reimbursable share of such costs. Compare *Minahan v. Commissioner*, 88 T.C. 516 (1987).