R. DALE HARRIS AND ANABEL HARRIS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Harris v. Commissioner
Docket No. 48416-86.
United States Tax Court
T.C. Memo 1988-229; 1988 Tax Ct. Memo LEXIS 258; 55 T.C.M. (CCH) 907; T.C.M. (RIA) 88229; May 19, 1988. Robert E. Glanville, for the petitioners. John S. Repsis and Gary A. Benford, for the respondent. FEATHERSTON
MEMORANDUM OPINION FEATHERSTON, Judge: This case was assigned to Special Trial Judge Joan Seitz Pate pursuant to the provisions of section 7456(d) (redesignated as sec. 7443A(b) by the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2755) and Rules 180 and 181 of the Tax Court Rules of Practice and Procedure.[1] The Court agrees with and adopts her opinion which is set forth below. *260 OPINION OF THE SPECIAL TRIAL JUDGE PATE, Special Trial Judge: This case is before this Court on petitioners' Motion for Award of Reasonable Litigation Costs, filed June 5, 1987, pursuant to section 7430 and Rule 231. Respondent filed his objection thereto on August 17, 1987. The parties have stipulated all facts necessary for our determination. R. Dale Harris and Anabel Harris (hereinafter "petitioners") are husband and wife and timely filed their joint Federal income tax return for 1981 on or before April 15, 1982. Ordinarily, the statute of limitations on this return would have expired on April 15, 1985. However, the parties agreed to extend the time for assessment by executing a Form 872-A on October 30, 1984. The agreement provided that the extension would expire on the earlier of the ninetieth (90th) day: (1) after the Internal Revenue Service received a termination notice (Form 872-T) from petitioners, or (2) the Internal Revenue Service mailed a termination notice (Form 872-T) or a notice of deficiency to petitioners. The Internal Revenue Service received petitioners' Form 872-T terminating the extension agreement on May 16, 1986. Respondent determined a deficiency *261 in petitioners' 1981 Federal income tax of $ 72,498 and additions to tax under section 6653(a) of $ 3,625 and section 6659 of $ 21,750 in a notice of deficiency issued on October 2, 1986. Shortly after receiving the notice of deficiency, petitioners' counsel telephoned the Internal Revenue Service and advised them that the notice of deficiency had been issued after the expiration of the statute of limitations. Pursuant to respondent's request, he mailed them a power of attorney and a copy of the front page of the notice of deficiency. On November 19, 1986, petitioners' counsel mailed a second letter to responent, enclosing a copy of the Form 872-T, the certified mail receipt evidencing the original mailing of the Form 872-T and copies of the front pages of the power of attorney and the notice of deficiency. About one month later, a 90-Day Coordinator in the Quality Review Staff (Examination Division of the Dallas District) telephoned petitioners' counsel and advised him that the statutory notice of deficiency would not be rescinded because (1) she should not find the original Form 872-T in the administrative file, and (2) she could not verify that the certified mail receipt evidenced *262 the mailing of the Form 872-T. Petitioners timely filed a petition with this Court on December 29, 1986. [2] The petition alleged error in all of respondent's determinations and, in addition, that the statute of limitations had expired. On January 15, 1987, this case was assigned to Dallas District Counsel. They received the administrative file on February 23, 1987, and, upon review, found the original Form 872-T therein. In his answer, filed March 4, 1987, respondent admitted that petitioners' allegation regarding the statute of limitations was true, thereby conceding the entire case. On June 5, 1987, petitioners filed their motion for an award of reasonable litigation costs. On June 11, 1987, the parties filed a Stipulation as to Settled Issues, pursuant to Rule 231(c), agreeing that the statute of limitations barred the deficiency and additions to tax for 1981. [3] On August 17, 1987, respondent objected to petitioners' motion. [4]
*263 Petitioners contend that they meet the requirements of section 7430 and, consequently, are entitled to an award of reasonable litigation costs. They specifically contend that costs may be awarded based on respondent's pre-litigation administrative action. Respondent maintains that petitioners are not entitled to an award of litigation costs because the position of the United States in this civil proceeding was substantially justified. Alternatively, respondent argues that petitioners' litigation costs are not reasonable in amount. OPINION Section 7430 authorizes an award of reasonable litigation costs to a taxpayer who meets certain threshold requirements. After concession by respondent, [5] the only requirement at issue is whether the "position of the United States" in the civil proceeding was substantially justified. Section 7430(c)(2)(A)(i). *264 We think it is abundantly clear from our recitation of the factual findings that whether the position of the United States in this case was substantially justified depends upon whose actions are to be taken into account in our determination. If we consider the actions only of District Counsel, who, in a timely manner, reviewed the administrative file, determined that the petition was correct, and "threw in the towel" in his answer, we must find that such actions were eminently reasonable. [6] On the other hand, if we take into consideration the decision not to rescind the notice of deficiency made by the Examination Division, which somehow "missed" petitioners' Form 872-T (later found in the administrative file) and virtually ignored the copies of both the Form 872-T and the certified mail receipt sent in by petitioners' counsel, we would have to find that the position of the United States was not justified. Prior to the enactment of the Tax Reform *265 Act of 1986 (Pub. L. 99-514, 100 Stat. 2085), this Court held that the position of the United States "in the civil proceeding" was limited to consideration of respondent's actions after the filing of a petition. Rutana v. Commissioner,88 T.C. 1329, 1332 (1987); Wasie v. Commissioner,86 T.C. 962, 968 (1986); Baker v. Commissioner,83 T.C. 822, 827 (1984), revd. on other issues 787 F.2d 637, 641-642 (D.C. Cir. 1986). However, section 7430 was amended by section 1551 of the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2752 (hereinafter "1986 Act"), and its amended provisions apply to amounts paid after September 30, 1986, in proceedings commenced after December 31, 1985. Since this case was filed on December 29, 1986, it is subject to the provisions of section 7430 as amended by the 1986 Act. The 1986 Act added section 7430(c)(4) which provides that: The term "position of the United States" includes-- (A) the position taken by the United States in the civil proceeding, and (B) any administrative action or inaction by the District Counsel of the Internal Revenue Service (and all subsequent administrative *266 action or inaction) upon which such proceeding is based. Both the House and Senate proposals were broader than the final versions set forth above. The House, by section 1315(b) of H.R. 3838, would have given courts the authority to "assess a portion of such costs against any Internal Revenue Service employee * * *." The Senate would have included "the administrative action or inaction by the United States upon which such proceeding is based." See sec. 541 of H.R. 3838. However, the final version passed by Congress limits our consideration of respondent's pre-petition administrative actions to those taking place after involvement "by the District Counsel." [7] Section 7430(c)(4)(B). Therefore, under the 1986 Act, we find the earlier of the two events (the filing of the petition or involvement by District Counsel) and then look to see what respondent maintained thereafter. Under these strictures, the Examination Division's decision not to rescind the notice of deficiency in this instance is not a "position of the United States" as defined by the statute because it was made prior to the filing of the petition and before District counsel became involved in the case. See Sher v. Commissioner,89 T.C. 79, 85 (1987). *267 [8]
Nonetheless, petitioners contend that the word "includes" in section 7430(c)(4) is used nonexclusively, and therefore, other actions can be taken into account in our determination even if they do not fall within the "specifics" stated in parts (A) and (B) of section 7430(c)(4). They cite Hubbard v. Commissioner,89 T.C. 792 (1987), and Kennedy v. Commissioner,89 T.C. 98 (1987), to support their argument. After a careful reading of those cases, we find neither of them supports petitioners' contention. In Hubbard, we looked only to respondent's position after the petition was filed to make our determination. In fact, in Hubbard v. Commissioner, supra at 799, we specifically stated that: in order to determine whether respondent *268 acted reasonably we must review the legal basis for his position and the actions (or inactions) taken during the litigation * * *. [Emphasis added.]
Because District Counsel continued to press an untenable position well after taxpayer's petition was filed we awarded costs to the taxpayer. In Kennedy, we considered respondent's administrative conduct prior to the filing of the petition, but only because the case was appealable to the Fifth Circuit Court of Appeals which had held that litigation costs could be awarded based on pre-litigation administrative conduct. Powell v. Commissioner,791 F.2d 385, 391 (5th Cir. 1986). However, both Kennedy and Powell applied the statute prior to its amendment by the 1986 Act, and we have already stated that Powell does not have continuing vitality for cases governed by the amended version of section 7430. Sher v. Commissioner,89 T.C. at 86. It follows then that the authorities cited by petitioners simply do not support a broader reading of section 7430(c)(4). Therefore, the determination of whether respondent's position was substantially justified must be based on our evaluation *269 of pre-litigation administrative action taken after involvement by District Counsel and all post-petition conduct. It is uncontested that District Counsel was not involved in this case until after the petition was filed. Further, when District Counsel did become involved, he reviewed the administrative file, found the Form 872-T, and prepared the answer which conceded the case in a timely manner. Under these circumstances, we hold that respondent's actions were both justified and expeditious. Accordingly, we deny petitioners' motion for award of reasonable litigation costs. [9]
An appropriate order will be entered.
Footnotes
1. Unless otherwise specified, all section references are to the Internal Revenue Code of 1954, as amended, and in effect during the year in issue and all rule references are to the Tax Court Rules of Practice and Procedure. ↩
2. Petitioners resided in Carlsbad, New Mexico, at the time their petition was filed. ↩
3. Rule 231(c) requires that "the motion be accompanied by" the stipulation as to settled issues. Since respondent has not raised any objection to the fact that the stipulation was filed 6 days after petitioners' motion and it has inconvenienced the Court, we consider such stipulation as timely filed. ↩
4. We have jurisdiction to resolve all questions relating to our jurisdiction including ancillary matters such as an award of litigation costs. Normac, Inc. and Normac Intl. Lmt. v. Commissioner,90 T.C. 142 (1988); Weiss v. Commissioner,88 T.C. 1036, 1037-1041↩ (1987). 5. The requirements of section 7430 that have been conceded by respondent are: that petitioners "substantially prevailed" in the litigation (sec. 7430(c)(2)(A)(ii)); have a net worth less than $ 2,000,000 (sec. 7430(c)(2)(A)(iii)), and have exhausted the administrative remedies available to them (sec. 7430(b)(1)). Further, respondent does not contend that any portion of the litigation costs are attributable to proceedings which were unreasonably protracted by petitioners. See sec. 7430(b)(4). ↩
6. The term "substantially justified" means reasonable. See United States v. Balanced Financial Management, Inc.,769 F.2d 1440 (10th Cir. 1985); Sher v. Commissioner,89 T.C. 79, 84↩ (1987). 7. For a more extensive discussion of the legislative history of section 7430(c)(4), see Shifman v. Commissioner,T.C. Memo. 1987-347↩. 8. See also Coffey v. Commissioner,T.C. Memo. 1988-78; Feuer v. Commissioner,T.C. Memo. 1988-55; Rogers v. Commissioner,T.C. Memo. 1987-374; Shifman v. Commissioner, supra.↩
9. Based on the foregoing, it is not necessary to consider whether the amount of the litigation costs claimed is reasonable. ↩