VICTOR I. MINAHAN, ET AL.,[1] Petitioners *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket Nos. 3146-85—3148-85,     Filed March 5, 1987.
3203-85—3205-85.

*Thomas J. Phillips* and *Roger C. Minahan*, for the petitioners.
*Sheldon M. Kay* and *Nelson Shafer*, for the respondent.

OPINION

CHABOT, *Judge*: Respondent determined deficiencies in Federal gift tax against petitioners for the calendar quarter ended September 30, 1981, in the following amounts:

| Docket No. | Petitioner | Deficiency |
|---|---|---|
| 3146-85 | Victor I. Minahan | $882,737.74 |
| 3147-85 | Marilee Minahan | 882,737.93 |
| 3148-85 | Estate of Mary M. Walter, deceased, the Marine Trust Co., N.A., personal representative | 1,796,800.32 |
| 3203-85 | Estate of John B. Torinus, deceased, · the Kellogg Citizens National Bank and Louise B. Torinus, co-personal representatives | 592,747.86 |
| 3204-85 | Roger C. Minahan | 549,888.83 |
| 3205-85 | Louise B. Torinus | 589,725.25 |

[1]Pursuant to sec. 7430(d), the Court has determined that the cases of the following petitioners could have been joined or consolidated and so these cases shall be treated as one civil proceeding for purposes of applying sec. 7430: Marilee Minahan, docket No. 3147-85; Estate of Mary M. Walter, Deceased, The Marine Trust Company, N.A., Personal Representative, docket No. 3148-85; Estate of John B. Torinus, Deceased, The Kellogg Citizens National Bank and Louise B. Torinus, Co-Personal Representatives, docket No. 3203-85; Roger C. Minahan, docket No. 3204-85; and Louise B. Torinus, docket No. 3205-85.

Unless indicated otherwise, all section references are to sections of the Internal Revenue Code of 1954 as in effect for the period in issue.

The cases were called from the calendar for trial on March 17, 1986, at which time respondent submitted on behalf of the parties a stipulated decision in each case. Pursuant to these stipulated decisions, the parties agreed that no deficiencies in Federal gift tax are due from, or overpayments due to, petitioners for the calendar quarter ended September 30, 1981. Petitioners thereafter moved this Court to award litigation costs pursuant to section 7430 and Rule 231.[2]

In *Minahan v. Commissioner*, 88 T.C. 492 (1987), we held that petitioners are entitled to an award of litigation costs. The issue for decision is whether a petitioner who is a member of the law firm representing petitioners is entitled to an award which includes attorney's fees.

The relevant background findings appear in our opinion in *Minahan v. Commissioner, supra.*

Respondent states that he "does not agree that amount of costs claimed are reasonable." Furthermore, respondent's response to petitioners' motion implies, without specific argument, that the actual time billed for the services of petitioner Roger C. Minahan (hereinafter sometimes referred to as attorney Minahan) and allocable to his own case are not allowable as litigation costs. Section 7430(c)(1)(A) defines "reasonable litigation costs"[3] as follows:

SEC. 7430(c). DEFINITIONS.—For purposes of this section—
  (1) REASONABLE LITIGATION COSTS.
    (A) IN GENERAL.—The term "reasonable litigation costs" includes—
      (i) reasonable court costs,
      (ii) the reasonable expenses of expert witnesses in connection with the civil proceeding,
      (iii) the reasonable cost of any study, analysis, engineering report, test, or project which is found by the court to be necessary for the preparation of the party's case, and
      (iv) reasonable fees paid or incurred for the services of attorneys in connection with the civil proceeding.

We have previously determined that section 7430 allows an award of reasonable litigation costs measured from the

---

[2]Unless indicated otherwise, all Rule references are to the Tax Court Rules of Practice and Procedure.

[3]Clauses (ii), (iii), and (iv) of sec. 7430(c)(1)(A) have been revised by sec. 1551(c) of the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2085, 2752, but the changes were made effective for civil actions or proceedings commencing after Dec. 31, 1985, and so do not affect the instant cases.

time the civil proceeding commenced. *Wasie v. Commissioner*, 86 T.C. 962, 967 (1986); *Baker v. Commissioner*, 83 T.C. 822, 827 (1984), affd. on this issue 787 F.2d 637 (D.C. Cir. 1986). Under section 7430(b)(1), no more than $25,000 may be awarded "with respect to any prevailing party in any civil proceeding".[4] Under section 7430(d), multiple actions which could have been joined or consolidated are to be treated as one civil proceeding. Petitioners concede that the single $25,000 "cap" applies to the instant six cases. (See note 1 *supra*.)

It is evident that, in the aggregate, petitioners have incurred and paid substantially more in litigation costs than the maximum amount that we may award (see table 1 in *Minahan v. Commissioner*, 88 T.C. at 495, and the text immediately following it), and so we do not determine precisely the amount of their expenditures that would qualify as "reasonable litigation costs" but for the "cap".

We determine that petitioners, other than attorney Minahan, have met their burden of proof that such fees, subject to the limitations and determinations herein, are reasonable litigation costs within section 7430(c)(1)(A)(iv) and Rule 232. Furthermore, the expert appraisal fee in the amount of $10,000 incurred on November 22, 1985, is determined to be a reasonable litigation cost within the meaning of section 7430(c)(1)(A)(iii), to be shared among petitioners in accordance with their billing arrangement with the law firm.

Attorney Minahan is counsel in the instant case and also is a senior stockholder and president of the law firm. The record indicates that attorney Minahan spent 102¾ hours in the matter before the Court, which was billed to petitioners at his prevailing rate of $150 per hour. By agreement between the law firm and petitioners, attorney Minahan agreed to be responsible for 11.8 percent of the law firm's monthly bills, determined at the law firm's prevailing rates. The firm spent an aggregate of 386 hours accumulated by eight of the law firm's attorneys. Attorney Minahan has rendered payment to the law firm regarding his proportionate shares of legal expenses.

---

[4]This limitation has been removed by sec. 1551(a) of the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2085, 2752, but the change was made effective for civil actions or proceedings commencing after Dec. 31, 1985, and so does not affect the instant cases.

We recently held that a pro se attorney may not recover fees for the value of his own services, as lost opportunity costs are not fees paid or incurred for the service of an attorney within the meaning of section 7430. *Frisch v. Commissioner*, 87 T.C. 838 (1986). In *Frisch*, the taxpayer did not render actual payment. In the instant case, attorney Minahan did render actual payment to the law firm; however, he is a senior stockholder and president of the law firm. In *Frisch*, we relied on legislative history which indicates that the determination of what constitutes reasonable fees must focus on fees actually incurred by a taxpayer in a civil proceeding. *Frisch v. Commissioner*, 87 T.C. at 846. Attorney Minahan has an equity interest in the law firm such that payment to the law firm was in fact payment to himself and not a fee actually incurred. Even if a petitioner-attorney actually renders payment, that does not necessary establish that a fee has been paid or incurred within the meaning of section 7430. We must focus on to whom the payment was rendered. In *Frisch*, even if a payment had been rendered, we still would have held that no fee had been paid or incurred within the meaning of section 7430. Consequently, attorney Minahan is not entitled to an award of reasonable litigation costs within the meaning of section 7430(c)(1)(A)(iv) concerning the services of attorneys who are members of or associated with the law firm in which he holds an equity interest.

Because petitioners' aggregate attorney's fees are so great that the aggregate otherwise allowable litigation costs substantially exceed the $25,000 "cap", the result of disallowing an award of attorney's fees to attorney Minahan is to, in effect, reallocate the disallowed amount among the five other petitioners. This reallocation is to be in the same proportion as the proportionate interests set forth in table 1 in *Minahan v. Commissioner, supra*, except that attorney Minahan's 11.8 percent is to be eliminated from the calculations.

Based on the foregoing determination, we award judgments of reasonable litigation costs as shown in the following table:

| Petitioner | Sec. 7430 award |
|---|---|
| Victor I. Minahan, docket No. 3146-85 and Marilee Minahan, docket No. 3147-85 . . . . . . . . . . . . . . . . . . . . . . | $9,052.14 |
| Estate of Mary M. Walter, docket No. 3148-85 . . . . . . . . | 7,919.50 |
| Estate of John B. Torinus, docket No. 3203-85 and Louise B. Torinus, docket No. 3205-85 . . . . . . . . . . . . . . | 6,788.36 |
| Roger C. Minahan, docket No. 3204-85 . . . . . . . . . . . . . . . . | [5] 1,240.00 |
| | 25,000.00 |

*Appropriate orders will be issued and decisions will be entered in accordance therewith.*

Reviewed by the Court.

STERRETT, NIMS, PARKER, HAMBLEN, SWIFT, GERBER, WRIGHT, and PARR, *JJ.*, agree with the majority opinion.

SIMPSON, *J.*, concurs in the result only.

---

SIMPSON, *J.*, concurring: I agree with the conclusion of the majority in this opinion, but I wish to explain my reasons for denying attorney Minahan recovery of his share of the legal fees.

In *Frisch v. Commissioner*, 87 T.C. 838 (1986), we held that a petitioner who was also an attorney could not recover the value of his services, and I agree with the majority that such holding should be applied in the circumstances of this case. If the petitioner happened to be an attorney who was the sole stockholder of a professional corporation, our holding in *Frisch* would require that we not allow him to recover any amounts that he may have paid to his corporation as legal fees. The facts of the present case are more complicated because attorney Minahan was rendering services that no doubt benefited other petitioners, and because services were being rendered by other attorneys on

---

[5]The sec. 7430 award in docket No. 3204-85 is determined as follows:

| | |
|---|---|
| Sec. 7430(c)(1)(A)(iii) - expert appraisal fee . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $1,180 |
| Sec. 7430(c)(1)(A)(i) - Tax Court petition cost . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 60 |
| | 1,240 |

his behalf. Under such circumstances, it seems that attorney Minahan should not be allowed to recover the portion of the legal fees which he paid but which is returned to him by reason of his interest in the firm. However, in this case, we do not know how the profits of the law firm were divided and what portion of the fees paid by attorney Minahan was returned to him as his share of the profits of the firm. Accordingly, I agree with the majority that we must refuse to allow him to recover any portion of the fees paid by him.

In some situations, it may be difficult to trace legal fees and to determine the portion which is not returned to the petitioner. Nevertheless, I believe that we should keep open the possibility of a petitioner's showing that the legal fees were not returned to him. By this opinion, I do not mean to indicate that I would necessarily allow a recovery in such situation; I merely wish to await the day of that case to decide that issue.

SWIFT and WRIGHT, *JJ.*, agree with this concurring opinion.

---

WHITAKER, *J.*, dissenting. While the majority refers several times to our recent Court-reviewed opinion of *Frisch v. Commissioner*, 87 T.C. 838 (1986), that opinion provides no support for the result reached here. In *Frisch*, we articulated two grounds for disallowance of attorney's fees to that pro se petitioner. We adopted the reasoning of Judge Roney in his dissenting opinion in *Duncan v. Poythress*, 777 F.2d 1508, 1515 (11th Cir. 1985), that an attorney is essentially an agent for another. Without an agency relationship (not present in a pro se situation), attorney's fees cannot be incurred. The other ground for our opinion was that petitioner had neither paid nor incurred fees for legal services as is expressly required by section 7430.

Here, however, the two tests of *Frisch* are met. Attorney Minahan has paid his share of the fees and the professional corporation, Minahan & Peterson, S.C., meets the agency test. No policy reason for the result has been articulated by

the majority, and I know of none. Neither the language of the statute nor its legislative history provides support for the majority.[1] The fact that attorney Minahan may have shared in the $55,000 attorney's fees paid to the professional corporation Minahan & Peterson, S.C., for their services to these several petitioners is irrelevant.

The majority in this case has created a third condition for an award of attorney's fees—that the petitioner-attorney must not hold "an equity interest" in the law firm rendering the services. The majority boldly states that in this circumstance the fee is not a fee but a payment to the attorney-petitioner. There is, however, no finding of fact supporting this conclusion. This judicial legislation by the majority is without justification.

KÖRNER, COHEN, CLAPP, JACOBS, WILLIAMS, and WELLS, *JJ.*, agree with this dissent.

---

WILLIAMS, *J.*, dissenting: In addition to sharing the views of Judge Whitaker, I disagree with the manner in which the majority has allocated the award of litigation costs among petitioners. I believe the majority has committed error in making the allocation without having had a hearing to determine the total amount of reasonable litigation costs incurred by petitioners.

Because the statutory limit is exceeded, a petitioner may recover only a proportionate share of his recoverable litigation costs.[1] The majority has allocated a disproportionately larger share of the $25,000 limit to Attorney Minahan. Attorney Minahan is awarded $1,240—100 percent of his reimbursable share of litigation costs (as determined by the majority). The other petitioners, however, are awarded less

---

[1] I note that sec. 7430 was liberalized in favor of taxpayers in material respects by the Tax Reform Act of 1986, signed by the President on Oct. 22, 1986, which was prior to release of our opinion in *Frisch v. Commissioner*, 87 T.C. 838 (1986). While the doctrine of legislative reenactment would not apply here, either to incorporate or to refrain from incorporating the Court-made law on pro se petitioners, a strong argument can be made for judicial restraint in creating road blocks to the award of attorney's fees to taxpayers. We should not forge a position that is counter to the current legislative policy without either statutory language or legislative history as support.

[1] The calculation of the proportion of the allocation of an award among several petitioners pursuant to sec. 7430 is required only when recoverable costs exceed the statutory limit of $25,000.

than 100 percent of their recoverable costs. Attorney Minahan should be entitled to recover no greater percentage of his reimbursable costs than any other petitioner.

Each petitioner's recovery should be determined as follows:

$$\frac{\text{Individual petitioner's recoverable costs}}{\text{Total recoverable costs}} \times \$25,000 \ [2]$$

The majority, however, cannot possibly know what each petitioner's proper proportion is because they do not know what the petitioners' total recoverable costs are. Consequently, any allocation they make is manifestly arbitrary.

KORNER, *J.*, agrees with this dissent.

[2]This amount represents the statutory limit. Sec. 7430(b)(1).