RONALD M. AND NANCY I. SOKOL, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 18288-84.         Filed April 5, 1989.

---

Ronald M. Sokol, pro se.
*James E. Cannon,* for the respondent.

PARKER, *Judge:* This case is before the Court on petitioners' motion for litigation costs under section 7430.[1] Specifically, the issue is whether respondent's position in this civil proceeding was unreasonable within the meaning of section 7430(c)(2)(A)(i) [now section 7430(c)(4)(A)(i)].

### FINDINGS OF FACT[2]

At the time the petition was filed, petitioners resided in St. Joseph, Missouri. Petitioner Ronald M. Sokol (Mr. Sokol) is an attorney, now employed by his professional corporation, Ronald M. Sokol, P.C. Ronald M. Sokol, P.C. was incorporated on November 5, 1981. In addition to petitioners' personal bank account and the corporate bank account, Mr. Sokol also had a trust account for his clients.

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954 as amended and in effect during the taxable years in question, and all "Rule" references are to the Tax Court Rules of Practice and Procedure.

[2]The facts are based upon the pleadings (petition and answer), petitioners' motion for litigation costs, the affidavit of petitioner Ronald M. Sokol attached to that motion, and certain documents received by the Court after oral argument on the motion.

Petitioners had attached to their petition certain documents which the Clerk of the Tax Court returned to them, advising them as follows:

For your information, the only document that needs to be submitted with a petition is the NOTICE OF DEFICIENCY, which you have furnished us. I am returning the other attachments to your letter at this time, *since they are more in the nature of evidence that you may wish to present to the Court at the trial of your case.* [Emphasis supplied.]

These "other attachments" are the documents received by the Court after oral argument and after the Court had rendered a bench opinion in the case. In the exercise of its discretion, the Court vacated its bench opinion to permit further review of these documents and a fuller exposition of the issue herein.

Respondent determined a deficiency in petitioners' Federal income tax for the taxable year 1981 in the amount of $419. Petitioners timely filed their petition in this Court. The deficiency in the statutory notice of deficiency arose out of a Form 1099-INT issued by the American Bank of St. Joseph, Missouri, for the year 1981. The underlying tax issue in this case is whether that interest income is reportable by petitioners individually, by the trust account, or by the professional corporation. In their petition, Mr. and Mrs. Sokol alleged that the deficiency was pursuant to an "erroneous 1099 report * * * which has been corrected as shown by the corrected 1099 reports attached hereto * * * ."[3]

Prior to preparing his answer to the petition, respondent's trial counsel contacted Mr. Sokol and offered to concede the case. Mr. Sokol thereupon sought reimbursement of this Court's $60 filing fee and refused to execute a stipulated decision document unless respondent's counsel stipulated under this Court's Rule 231(a) that petitioners were entitled to the $60 as litigation costs under section 7430. Respondent's answer to the petition was thereafter filed. Numbered paragraph 1 of that answer admitted that "the deficiency was pursuant to an erroneous 1099 report by the American Bank of St. Joseph, Missouri for the tax year 1981."

After respondent filed his answer conceding the deficiency, neither party took any further action until after the Court noticed the case for trial. At the calendar call of the trial session, the parties filed a stipulation that there is no deficiency in income tax due from, nor overpayment due to, petitioners for the taxable year 1981. Petitioners did not

---

[3]These "corrected 1099 reports" were among the documents returned to petitioners by the Clerk's Office (note 2, *supra*, but which are now part of the record of this case.

The "corrected" Forms 1099-INT still left certain errors unrectified or matters unexplained. The corporate tax return (Form 1120) did not reflect the specific item of $518.96 of interest income shown on the "corrected" Form 1099-INT for Ronald M. Sokol, P.C. Also the "corrected" Form 1099-INT listed an incorrect Social Security Number for Ronald M. Sokol. Thus, the "corrected" Forms 1099-INT also contained one and possibly two errors. In his petition and in correspondence with the Internal Revenue Service on behalf of himself and his spouse, Mr. Sokol identified his own Social Security Number as "SSN #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." That is the number given on the Form 1099-INT for the Trust Account. The Social Security Number for Ronald M. Sokol as an individual is listed on the Form 1099-INT as "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." The Court is mindful that a correct Social Security Number is critical in the Internal Revenue Service's computer-matching program for interest payments. Not having copies of the original Forms 1099 (before correction), the Court does not know which taxpayer identification number or numbers appeared thereon.

appear at the calendar call but mailed their motion for litigation costs under section 7430 to respondent's counsel for presentation to the Court on their behalf.

That motion seeks recovery of the $60 filing fee plus attorney's fees in the amount of $225 ($75 × 3 hours).[4] The attorney's fees of $225 do not represent the cost of preparing the petition in this case but, according to Mr. Sokol, represent time spent by him after the petition was filed in this case, specifically after respondent's counsel refused to stipulate under Rule 231(a) that petitioners are entitled to litigation costs under section 7430.[5] Apparently this was time spent drafting the present motion.

## OPINION

Section 7430(a) authorizes an award of reasonable litigation costs to the prevailing party in a tax case.[6] In order to be the "prevailing party," the taxpayer must establish, among other things, that "the position of the United States in the civil proceeding" was unreasonable or was not substantially justified. Sec. 7430(c)(2)(A)(i) [now sec. 7430(c)(4)(A)(i)].[7] Thus, we must decide whether respondent's

[4]Mr. Sokol's cover letter to respondent's counsel asked the latter to advise him if he must appear for the hearing on his motion, stating "I will treat silence as an indication that I must appear to argue the cause and will amend the motion for cost accordingly." Respondent's counsel had no authority to excuse Mr. Sokol from attendance at the hearing on his motion and so advised him. Mr. Sokol did not ask the Court to excuse him from attending the hearing, appeared and was heard on his motion, and has not sought to increase the amount of litigation costs claimed.

[5]There is a question as to whether any attorney's fees have actually been "paid or incurred" within the meaning of sec. 7430(c)(1)(A)(ii)(III) [now sec. 7430(c)(1)(B)(iii)]. Mr. Sokol advised the Court that he had "agreed" with his professional corporation to enter into a contingency fee arrangement for representation of himself and Mrs. Sokol in this case. However, in view of our disposition of this case, we need not consider whether any attorney's fees have been "paid or incurred." We have held that a pro se litigant who is an attorney and/or his professional corporation cannot recover attorney's fees under sec. 7430. *Minahan v. Commissioner*, 88 T.C. 516 (1987); *Frisch v. Commissioner*, 87 T.C. 838 (1986).

[6]We note that for proceedings commencing after Nov. 10, 1988, sec. 7430(a) has been expanded to cover administrative proceedings and to authorize the Internal Revenue Service to make a "settlement" for "reasonable administrative costs." See sec. 6239(a) of the Technical and Miscellaneous Revenue Act (TAMRA) of 1988, Pub. L. 100-647, 102 Stat. 3743 et seq.

[7]Sec. 7430 came into the law for cases commenced after Feb. 28, 1983. Sec. 292(a) of the Tax Equity and Fiscal Responsibility Act (TEFRA) of 1982, Pub. L. 97-248, 96 Stat. 324, 572-574. Sec. 7430(c)(2)(A)(i), as it applied to cases filed after Feb. 28, 1983, and up through Dec. 31, 1985, contained the "was unreasonable" language. For civil tax actions or proceedings commenced after Dec. 31, 1985, sec. 1551(d)(1) of the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2085, 2752, changed that language to "was not substantially justified." However, this and other courts have held that the "substantially justified" standard is not a departure from the "reasonableness" standard. *Sher v. Commissioner*," 89 T.C. 79, 84 (1987) and cases

position "in the civil proceeding" was unreasonable. In deciding that issue we examine only the events occurring after the filing of the petition, i.e., only the Government's in-court litigating position. *Rutana v. Commissioner,* 88 T.C. 1329, 1332 (1987); *Don Casey Co. v. Commissioner,* 87 T.C. 847, 861-862 (1986); *Wasie v. Commissioner,* 86 T.C. 962, 967-968 (1986); *Baker v. Commissioner,* 83 T.C. 822, 827 (1984), affd. on this point 787 F.2d 637, 641-642 (D.C. Cir. 1986). The circuit courts are divided on this matter.[8] However, petitioners have not challenged the Tax Court's

---

cited therein, affd. 861 F.2d 131 (5th Cir. 1988); *Rutana v. Commissioner,* 88 T.C. 1329, 1333 (1987) and cases cited therein; *Don Casey Co. v. Commissioner,* 87 T.C. 847, 857-861 (1986) and circuit court cases collated at 858. See also *United States for Heydt v. Citizens State Bank,* 668 F.2d 444, 447 (8th Cir. 1982) ["The test of whether or not a Government action is substantially justified is essentially one of reasonableness."] In any event, the earlier version of sec. 7430(c)(2)(A)(i) is applicable in the instant case. We note, however, that our disposition of the matter would be the same under the 1986 statute. Sec. 6239(a) of TAMRA, *supra,* made further changes to sec. 7430, including renumbering this provision as sec. 7430(c)(4)(A)(i), but those changes do not affect our holding in this case.

[8]The Eighth, Tenth, Eleventh, and District of Columbia Circuits have approved the position taken by this Court. *Berks v. United States,* 860 F.2d 841 (8th Cir. 1988); *Wickert v. Commissioner,* 842 F.2d 1005, 1008 (8th Cir. 1988); *Ewing and Thomas, P.A. v. Heye,* 803 F.2d 613, 615-616 (11th Cir. 1986); *Baker v. Commissioner,* 787 F.2d 637, 641 and n. 8 (D.C. Cir. 1986); *United States v. Balanced Financial Management, Inc.,* 769 F.2d 1440, 1450 (10th Cir. 1985); *Ashburn v. United States,* 740 F.2d 843, 848 (11th Cir. 1984). The First, Fifth, Sixth, and Ninth Circuits have permitted both pre-litigation and litigation positions to be examined. *Comer Family Trust v. Commissioner,* 856 F.2d 775, 780 (6th Cir. 1988); *Sliwa v. Commissioner,* 839 F.2d 602, 606 (9th Cir. 1988); *Powell v. Commissioner,* 791 F.2d 385, 388-392 (5th Cir. 1986); *Kaufman v. Egger,* 758 F.2d 1, 4 (1st Cir. 1985). The Seventh Circuit has declined to take a position, finding that the Government's position both prior to and during litigation was not unreasonable. *Harrison v. Commissioner,* 854 F.2d 263, 265 n. 3 (7th Cir. 1988), affg. T.C. Memo. 1987-52, cert. denied b/r U.S. b/r (1989).

Sec. 1551(e) of the Tax Reform Act of 1986, *supra,* amended sec. 7430(c) by adding a new paragraph (4) defining "position of the United States" as follows:

(4) POSITION OF UNITED STATES.—The term "position of the United States" includes—

(A) the position taken by the United States in the civil proceeding, and

(B) any administrative action or inaction by the District Counsel of the Internal Revenue Service (and all subsequent administrative action or inaction) upon which such proceeding is based.

There is now a split in the circuits as to the meaning of this statutory language. Compare *Sher v. Commissioner,* 861 F.2d 131 (5th Cir. 1988), affg. 89 T.C. 79 (1987), with *Weiss v. Commissioner,* 850 F.2d 111, 116 (2d Cir. 1988) (petition for rehearing en banc pending), revg. and remanding 89 T.C. 779 (1987). This Court follows the plain language of the statute that one looks at actions or inactions occurring at or after the point at which the District Counsel becomes involved in the matter. *Gantner v. Commissioner,* 92 T.C. 192 (Jan. 30, 1989); *Egan v. Commissioner,* 91 T.C. 705 (1988). Sec. 6239(a) of TAMRA, *supra,* along with expanding sec. 7430 to cover administrative proceedings and to authorize the Internal Revenue Service to settle claims for reasonable administrative costs, also expanded the definition of the "position of the United States" and renumbered this provision as sec. 7430(c)(7). The new sec. 7430(c)(7) defines the position of the United States as including "the position taken in an administrative proceeding" determined "as of the earlier of" the date of the receipt by the taxpayer of the notice of the decision of the Internal Revenue Service Office of Appeals or the date of the notice of deficiency. These further changes do not affect our holding in this case.

position that we look only at the Government's in-court litigating position.[9]

Here the substantive tax issue raised in the deficiency notice and in the petition involved interest income for 1981, which a bank had reported on Forms 1099-INT, apparently erroneously showing that interest as income to petitioners. The narrow question was whether that interest income was reportable by petitioners individually, by Mr. Sokol's Trust Account for his clients, or by Mr. Sokol's professional corporation, which was incorporated in November of 1981.

Before preparing the answer to the petition, respondent's counsel tried to concede the case. He prepared a proposed stipulated decision document for petitioners' signature. Petitioners refused to sign the proposed stipulated decision document, because respondent's counsel would not concede that they were entitled to recover litigation costs under section 7430. In the answer, respondent's counsel conceded the only substantive tax issue raised in the deficiency notice and in the petition.

The filing of respondent's answer was the first formal action taken by respondent in this civil tax proceeding and respondent conceded the issue therein. Thus, it is difficult to see how "the position of the United States in the civil proceeding" could be deemed to be unreasonable. See and compare *Harrison v. Commissioner*, 854 F.2d 263 (7th Cir. 1988), affg. a Memorandum Opinion of this Court (concession some 6 months after answer filed, after respondent had an opportunity to verify information, held reasonable); *Ashburn v. United States*, 740 F.2d 843 (11th Cir. 1984) (11-month delay in conceding case not unreasonable); *Wickert v. Commissioner*, 842 F.2d 1005 (8th Cir. 1988), affg. a Memorandum Opinion of this Court (concession 10 days after filing of answer, although it took several months to draft the stipulation of settlement, held to be reasonable); *White v. United States*, 740 F.2d 836, 842 (11th Cir. 1984) (Government's concession of issue 3 months after issue raised was reasonable).[10]

---

[9]Moreover, after this case was submitted, the Eighth Circuit, the court to which any appeal would lie, approved the Tax Court's approach. *Berks v. United States, supra; Wickert v. Commissioner, supra.*

[10]There are numerous Memorandum Opinions of this Court where we have examined all of the facts and circumstances and found reasonable various periods of time to investigate the

Nonetheless, petitioners argue that respondent's position "in the civil proceeding" was unreasonable because respondent refused to stipulate under the Court's Rule 231(a) that they are entitled to recover litigation costs under section 7430. We think that argument is an attempt to have the tail wag the dog.

Section 7430(c)(2)(B) [now section 7430(c)(4)(B)] provides that the determination as to whether a taxpayer is the "prevailing party" is to be made by the Court or by agreement of the parties. Rule 231(a) provides as follows:

(a) Time and Manner of Claim: (1) Agreed Cases: Where the parties have reached a settlement which disposes of all issues in the case including litigation costs, an award of reasonable litigation costs, if any, shall be included in the stipulated decision submitted by the parties for entry by the Court.

(2) Unagreed Cases: Where a party has substantially prevailed and wishes to claim reasonable litigation costs, and there is no agreement as to that party's entitlement to such costs, a claim shall be made by motion filed—

Nothing in section 7430 or in our Rule 231(a)(1) suggests that a refusal to stipulate to litigation costs serves to transform what would otherwise be a reasonable position in the civil proceeding into an unreasonable one. If anything, section 7430(c)(2)(B)(i) [now section 7430(c)(4)(B)(ii)] and the structure of our rules suggest otherwise.[11] Agreed cases under Rule 231(a)(1) are cases in which the parties agree to everything, including litigation costs. On the other hand, Rule 231(a)(2) goes on to discuss "Unagreed Cases" where the party has substantially prevailed but "there is no agreement as to that party's entitlement to such costs." Rule 231(b) details the contents of a motion for an award of reasonable litigation costs. Rule 231(c) sets out the requirements for the stipulation of settlement "(other than litigation costs)." Section 231(d) describes the affidavit in support of claimed costs that is to accompany the motion. Rule 232 then provides various different procedures for the Court's disposition of claims for litigation costs. Accord-

case and decide whether to concede. See for example *Hubscher v. Commissioner,* T.C. Memo. 1988-428; *Coffey v. Commissioner,* T.C. Memo. 1988-78; *Shifman v. Commissioner,* T.C. Memo. 1987-347; *Rouffy v. Commissioner,* T.C. Memo. 1987-5.

[11]We leave to another day the situation where the determination has been made in the first instance by the Internal Revenue Service under new sec. 7430(c)(4)(B)(i) and appealed to the Tax Court under new sec. 7430(f)(2). That is not the situation now before us.

ingly, we hold that respondent's refusal to stipulate to recovery of litigation costs under Rule 231(a)(1), standing alone, does not entitle a taxpayer to such costs.[12]

Petitioners are essentially arguing for a per se rule that litigation costs are automatically recoverable whenever respondent concedes the case, no matter how prompt his concession. That is not the rule in this or other courts. The fact that the Government ultimately loses the case or even concedes the case is not determinative as to whether the taxpayer is entitled to an award of reasonable litigation costs. *Broad Ave. Laundry & Tailoring v. United States*, 693 F.2d 1387, 1391-1392 (Fed. Cir. 1982); *Wasie v. Commissioner, supra*, 86 T.C. at 968-969; *Baker v. Commissioner, supra*, 83 T.C. at 828-829.

As noted above, petitioners agree, as they must under the Eighth Circuit's *Wickert v. Commissioner, supra*, opinion, that the proper inquiry in this case is the Government's post-petition or in-court litigating position. Nonetheless, most of their complaints about respondent's actions or inactions relate to events at the administrative stage, principally the fact that they were not afforded a conference with an examiner or what they call an "administrative review" before or after issuance of the deficiency notice. Petitioners' argument that they had a legal or even a constitutional (due process or equal protection) right to such a conference or administrative review is incorrect.[13] In any event, there is no contention in this case that petitioners have failed to exhaust any administrative remedies available to them, as required by section 7430(b).

---

[12]We are not suggesting that a taxpayer's additional expenses in preparing and pursuing his motion for an award of reasonable litigation costs cannot be considered if he is otherwise entitled to recover litigation costs. The costs incurred in seeking an award of litigation costs may be included in the award. See *Rogers v. Commissioner*, T.C. Memo. 1987-374. In other words, if "the position of the United States in the civil proceeding" is unreasonable or not substantially justified and the taxpayer otherwise meets the conditions to be a "prevailing party," the taxpayer may recover both the costs for the litigation and for the motion for award of reasonable litigation costs. We again need not reach the question as to whether a further reasonableness standard is also to be applied to respondent's position in regard to litigation costs. See *Rogers v. Commissioner, supra*, and *Lee v. Johnson*, 799 F.2d 31, 39-40 (3d Cir. 1986), rehearing denied 801 F.2d 115 (3d Cir. 1986).

[13]See *Cupp v. Commissioner*, 65 T.C. 68, 83 (1975), affd. without published opinion 559 F.2d 1207 (3d Cir. 1977); *Cataldo v. Commissioner*, 60 T.C. 522, 523 (1973), affd. per curiam 499 F.2d 550 (2d Cir. 1974). While such a meeting or administrative hearing at the administrative stage might have saved the parties and this Court some bother, there was at that time no legal or constitutional right to such a meeting or administrative hearing.

Although it is not necessary to do so to rule on the Government's in-court litigating position,[14] this Court has carefully scrutinized Mr. Sokol's various letters and enclosures to various offices of the Internal Revenue Service (the Internal Revenue Service at St. Joseph, Missouri, the Internal Revenue Service at Kansas City, Missouri, and the Problem Resolution Program Office at St. Louis, Missouri). We have reviewed those events that occurred before the petition was filed only "to determine whether respondent acted reasonably in pursuing the litigation in the light of what he knew at the time the litigation commenced." *Sher v. Commissioner*, 89 T.C. 79, 85 (1987), affd. 861 F.2d 131 (5th Cir. 1988); *Rutana v. Commissioner, supra,* 88 T.C. at 1332; *Don Casey Co. v. Commissioner, supra,* 87 T.C. at 862. Thus, assuming that conceding the only tax issue in the answer could be deemed to be "pursuing the litigation," we think the facts known to respondent at the time the deficiency notice was issued and at the time the petition was filed demonstrate the reasonableness of respondent's actions.

From our own review of all these documents and the so-called "corrected" Forms 1099-INT, we can only conclude that it is not wholly clear that petitioners are correct in their position that the interest income is not taxable to them but is taxable either to Mr. Sokol's trust account or to his professional corporation. Thus, if we were deciding this issue on the merits, we would be forced to conclude that petitioners have failed to prove their case. See note 14, *supra.* However, respondent's counsel has been satisfied and has conceded the case. The Court accepts the parties' stipulation of settlement under Rule 231(c). Given the Court's own uncertainty as to the merits of the case, it can hardly be said that "the position of the United States in the civil proceeding" was unreasonable or was not substantially

[14]Even if "position of the United States" is expanded to include actions or inactions by the District Counsel (see note 8, *supra),* there is no indication that the District Counsel entered the proceedings at any time before the petition was filed in this Court. Even if "position of the United States" is expanded to include "the position taken in an administrative proceeding" as revised by sec. 6239(a) of TAMRA, *supra,* and even if we looked at such position "as of the earlier of" the receipt of the decision of that Appeals Office or the date of the notice of deficiency under new sec. 7430(c)(7), that does·not help petitioners herein. The uncertainty as to the facts persisted not only up to the date of the notice of deficiency but, in the Court's opinion, up to the present time.

justified. Hence petitioners herein are not prevailing parties within the meaning of section 7430(c)(2)(A)(i) [now section 7430(c)(4)(A)(i)], and are not entitled to any litigation costs. To reflect the foregoing,

*An appropriate order and decision will be entered.*