Mark A. McCORMACK,
Plaintiff, Appellant,

v.

UNITED STATES of America,
Defendant, Appellee.

No. 89–1663.

United States Court of Appeals,
First Circuit.

Heard Dec. 5, 1989.

Decided Dec. 12, 1989.

Mark A. McCormack pro se.

Linda E. Mosakowski, Atty., Tax Div., Dept. of Justice, with whom Shirley D. Peterson, Asst. Atty. Gen., Wayne A. Budd, U.S. Atty., and Gary R. Allen and Gilbert S. Rothenberg, Attys., Tax Div., were on brief, for U.S.

Before BOWNES, BREYER and SELYA, Circuit Judges.

PER CURIAM.

Plaintiff-appellant Mark A. McCormack, a member of the bar who represented himself in tax refund proceedings, seeks a counsel fee award under 26 U.S.C. § 7430.[1]

---

**1.** In substance, section 7430 authorizes an award of reasonable fees "paid or incurred for the services of attorneys" in connection with certain civil tax litigation in which the government's position is determined to be unreasonable.

The district court denied the request. We believe that McCormack's case, as a practical matter, is controlled by our decision in *Aronson v. United States Dep't of HUD*, 866 F.2d 1 (1st Cir.1989), wherein we ruled that an attorney-plaintiff was not entitled to fees for the time which he spent in successfully prosecuting a Freedom of Information Act claim. *Id.* at 4–6. The reasons undergirding *Aronson* seem equally valid in the case at bar, especially in light of section 7430's limitation of awards to legal fees "paid or incurred" by an eligible taxpayer. As the Fourth Circuit has tellingly observed, an attorney who represents himself in civil tax litigation does "not pay any fees for legal services nor incur any debts" for the same. *United States v. McPherson*, 840 F.2d 244, 245 (4th Cir. 1988).

The judgment of the district court denying appellant's fee petition is, therefore,

*Affirmed.*