T.C. Memo. 1998-26

UNITED STATES TAX COURT

JOHN F. AND TRACY L. BARFORD, ET AL.,[1] Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 20514-91, 20515-91,     Filed January 22, 1998.
            20516-91, 20517-91,
            20518-91.

Stephen T. Link, for petitioners.

Jillena A. Warner, for respondent.

MEMORANDUM OPINION

PAJAK, Special Trial Judge:  This matter is before the Court
pursuant to petitioners' motions for award of reasonable
litigation costs under section 7430 and Rules 230 through 232.

---

[1]     Cases of the following petitioners are consolidated
herewith for purposes of trial, briefing, and opinion:  Marcus R.
Messman, docket No. 20515-91;  Davis W. Messman, docket No.
20516-91; Marcus R. Messman, docket No. 20517-91; and Stephen A.
Messman, docket No. 20518-91.

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

No party has requested a hearing on petitioners' motions. Accordingly, we rule on petitioners' motions on the basis of the parties' submissions and the record in this case.  The underlying issues raised in the petitions were settled by stipulations of settlement.  At the time their petitions were filed all of the petitioners resided in the State of Illinois.

By notices of deficiency, respondent determined deficiencies in petitioners' Federal income taxes as follows:

| Year Ended | John F. & Tracy L. Barford | Marcus R. Messman | Davis W. Messman | Stephen A. Messman |
|---|---|---|---|---|
| 12/31/79 | $   --- | $  5,981 | $   --- | $   --- |
| 12/31/80 | --- | 7,420 | 3,710 | 1,934 |
| 12/31/81 | 3,254 | --- | 5,353 | 5,378 |
| 12/31/82 | --- | 1,715 | 3,556 | 11,625 |
| 12/31/83 | 419,987 | 418,124 | 424,317 | 413,677 |
| 12/31/84 | 30,084 | 36,139 | 19,327 | 15,911 |

Petitioners filed individual petitions and their cases were consolidated.

The four equal shareholders of TMC Resources, Inc. (TMC Resources) were Davis W. Messman, Marcus R. Messman, Stephen A. Messman, and Tracy L. Barford (petitioners).

Prior to 1983, TMC Resources was the parent corporation of a consolidated group of corporations and owned 100 percent of the stock of the following corporations: RAM Drilling Company

(RAM Drilling); TMC Farms, Inc. (TMC Farms); TMC Oil Company (TMC Oil); Marco Oil, Inc. (Marco Oil); and Sentry Investment Company (Sentry).

On January 25, 1982, Marco Oil made two loans, one to RAM Drilling for $2,700,000, and another to TMC Farms for $420,000, both at the stated interest rate of 14 percent. The notes to Marco Oil from RAM Drilling and TMC Farms were later assigned to TMC Resources upon the liquidation of Marco Oil. All payments on the loans to RAM Drilling and TMC Farms were applied 100 percent to principal. None of the loan payments was applied to any accrued interest. On October 29, 1982, the stated interest rate was eliminated, and thereafter the loans of the principal balance and subsequent advances accrued no interest.

On March 25, 1983, TMC Resources contributed its Sentry stock to RAM Drilling. On March 26, 1983, TMC Resources contributed its TMC Farms stock to RAM Drilling. On March 28, 1983, TMC Oil and Marco Oil were liquidated, and all of their assets and liabilities were distributed to TMC Resources. On the same date, Sentry was liquidated by RAM Drilling.

On March 31, 1983, TMC Resources was liquidated pursuant to section 337 with all of its assets and liabilities distributed to petitioners, its four equal shareholders. As part of the TMC Resources liquidation distribution, petitioners received the notes originally given to Marco Oil by RAM Drilling and TMC

Farms. On the same date they received the notes, petitioners assigned the notes to their partnership, TMC Enterprises. TMC Enterprises was a general partnership in which petitioners were equal partners during the years in issue.

On April 1, 1984, the debts owed by RAM Drilling and TMC Farms to TMC Enterprises were restructured as zero percent convertible subordinated debentures in the total amounts of $3,195,285 and $1,655,000, respectively.

In the notices of deficiency, respondent determined, among other things, that petitioners were liable for additional taxes as a result of: (1) Imputed interest income on promissory notes from RAM Drilling and TMC Farms pursuant to section 482, and (2) the incorrect valuation of the RAM Drilling stock for purposes of the section 337 liquidation of TMC Resources. (This second issue was not in the notice of deficiency for 1979 and 1984 for Marcus R. Messman. Marcus R. Messman received two notices of deficiency.) Petitioners raised only these two issues in their petitions.

The parties eventually settled the issue of the value of RAM Drilling stock for purposes of the section 337 liquidation of TMC Resources. On March 10, 1993, the case proceeded to trial on the remaining section 482 imputed interest income issue.

This Court entered five separate Decisions pursuant to the stipulated settlement agreements by the parties. Thereafter, this Court granted petitioners' motions to vacate or revise the aforementioned Decisions, and petitioners' motions for award of reasonable litigation costs were filed. Respondent's notices of objection to petitioners' motions for costs and a memorandum were filed. Petitioners' notices of filing additional evidentiary materials and briefs in opposition were filed. In their briefs in opposition, petitioners conceded that the litigation costs in these cases are not severable and cannot be reasonably allocated between the two issues raised by petitioners. Accordingly, we shall not so allocate.

Section 7430(a) authorizes an award of reasonable litigation costs to the "prevailing party". To qualify as a prevailing party petitioners must establish: (1) That the position of the United States in the proceeding was not substantially justified; (2) that they substantially prevailed with respect to the amount in controversy, or with respect to the most significant issue or set of issues presented; and (3) that they satisfied the net worth requirements of 28 U.S.C. section 2412(d)(2)(B) (1991) on the date each petition was filed. Sec. 7430(c)(4)(A). Petitioners must also establish that they have exhausted the administrative remedies available to them within the Internal Revenue Service, that they did not

unreasonably protract the proceedings, and that the costs claimed are reasonable. Sec. 7430(b) and (c). Petitioners must establish all of these conjunctive elements in order to recover litigation costs. Minahan v. Commissioner, 88 T.C. 492, 497 (1987).

Respondent agrees that petitioners have: (1) Substantially prevailed in this case, (2) exhausted the administrative remedies available to them within the Internal Revenue Service, and (3) not unreasonably protracted the Court proceeding. Respondent also agrees that respondent had taken a position that was not substantially justified on the issue of the valuation of RAM Drilling stock. However, respondent contends that respondent's position regarding the imputation of interest income under section 482 was substantially justified. Respondent further contends petitioners have not met the net worth requirements, and that the costs claimed are unreasonable.

We first consider whether petitioners have established that the position of the United States was not substantially justified. Sec. 7430(c)(4)(A)(i). This Court has held that the substantially justified standard is the same as the reasonableness standard. Sher v. Commissioner, 89 T.C. 79, 84 (1987), affd. 861 F.2d 131 (5th Cir. 1988). The determination of reasonableness must be based upon all the facts and circumstances surrounding the proceeding. Wasie v.

Commissioner, 86 T.C. 962, 968-969 (1986). Petitioners bear the burden of proof on this issue. Rule 232(e); Coastal Petroleum Refiners, Inc. v. Commissioner, 94 T.C. 685, 688 (1990). Respondent's litigation position is substantially justified if it has a reasonable basis in both law and fact. Pierce v. Underwood, 487 U.S. 552, 565 (1988). We believe the record in this case establishes the overall reasonableness of respondent's position with regard to the section 482 adjustment.

Petitioners argue that respondent's position regarding the imputation of interest income under section 482 was not substantially justified. Petitioners argue that: (1) The deficiencies totaled $1,827,492, and the decisions of the Court as to such deficiencies totaled $47,761.53; (2) after 12 years of administrative proceedings and litigation, respondent capitulated and agreed that the valuations of RAM Drilling stock were 10 times too high; and (3) respondent conceded that the interest on certain corporate notes should not have been 14 percent, and that respondent later conceded this issue in its entirety, and stipulated that no interest should be imputed. In essence, petitioners contend that because they prevailed so overwhelmingly, they should be allowed to recover their full costs. We disagree.

This Court has consistently held that a concession by respondent is not determinative as to whether respondent's

position was not substantially justified.  Swanson  v. Commissioner, 106 T.C. 76, 94 (1996); Sokol v. Commissioner, 92 T.C. 760, 767 (1989).  Notwithstanding petitioners' ability to convince respondent to make "overwhelming" concessions, we believe respondent's position with regard to the section 482 adjustment nevertheless had a reasonable basis in law and fact.

Section 1.482-2(a)(1), Income Tax Regs., provides where one member of a group of controlled entities makes a loan to another member of the same group, and charges no interest, respondent may make appropriate allocations to reflect an arm's-length interest rate.  This is in order to prevent evasion of taxes or to clearly reflect income.  Sec. 482.

In the instant case, Marco Oil made loans to RAM Drilling and TMC Farms.  They were all members of the same group of controlled entities.  The loans had an initial interest rate of 14 percent.  That interest rate was subsequently eliminated, and the loans of the principal balance and subsequent advances accrued no interest.  In 1983, Marco Oil assigned the notes to TMC Resources.  Upon the liquidation of TMC Resources (the parent corporation that controlled, among other subsidiaries, Marco Oil, Ram Drilling, and TMC Farms), the notes were assigned to petitioners, who, on that same date, assigned the notes to TMC Enterprises, a wholly owned partnership owned equally by the petitioners.

In these circumstances, we believe that respondent's position that the loans fall within the ambit of section 482 had a reasonable basis in law and fact, especially given the nature of the relationship of the companies and the subsequent forgiveness of interest.

Petitioners argue the loans were not bona fide indebtedness, but were mere transfers between the companies, and that the notes were simply used to keep track of what was being transferred between these companies. Petitioners further argue that because the transfers were not bona fide indebtedness, section 482 was inapplicable. In support of their argument, petitioners point out that there were no maturity dates on the notes and no repayment schedule.

Regardless of whether respondent was correct in classifying the loans as bona fide indebtedness, we believe respondent was substantially justified in so doing. The record indicates that for several years, petitioners made payments on the notes, and kept a schedule of these payments. When petitioners assigned the notes, they took great care to do it formally by documenting the notices to the debtors. Moreover, petitioners treated the loan from Marco Oil to RAM Drilling as a "Notes Payable" liability when they valued RAM Drilling for purposes of their liquidating distribution from TMC Resources in 1983.

Given these facts, we believe respondent was substantially justified when respondent imputed interest income under section 482 for the two loan transactions.  Because petitioners have not proved that respondent's position on that issue was not substantially justified, and because petitioners have conceded that the litigation costs are not severable or allocable between that issue and the other issue raised in their petitions (the valuation of the RAM Drilling Stock), petitioners are not entitled to awards of fees.  Therefore, we need not reach the other issues under section 7430.

Accordingly, petitioners' motions for award of reasonable litigation costs are denied.

<u>Appropriate orders and decisions will be entered</u>.