T.C. Memo. 1998-176


UNITED STATES TAX COURT


ESTATE OF ALTO B. CERVIN, DECEASED, BENNETT W. CERVIN,
EXECUTOR, AND NITA-CAROL CERVIN MISKOVITCH, EXECUTOR,
Petitioner <u>v</u>. COMMISSIONER OF INTERNAL REVENUE,
Respondent


Docket No. 24773-92.                    Filed May 12, 1998.


<u>Claude R. Wilson, Jr.</u>, for petitioner.

<u>Barbara B. Walker</u>, for respondent.


MEMORANDUM OPINION

COHEN, <u>Chief Judge</u>:  This case is before the Court on

petitioner's motion for an award of litigation costs under

section 7430, after remand by the Court of Appeals for the Fifth

Circuit.  <u>Estate of Cervin v. Commissioner</u>, 111 F.3d 1252 (5th

Cir. 1997), revg. and remanding T.C. Memo. 1994-550.  In view of

the holdings of the Court of Appeals and concessions by respondent, the only issues now before us are (1) the maximum hourly rate at which petitioner may recover fees and (2) whether petitioner may recover fees for services performed by Cervin or by the firm in which he is a partner.

The parties have submitted affidavits and memoranda supporting their positions. Neither party has requested a hearing, and we conclude that a hearing is unnecessary.

Unless otherwise indicated, section references are to the Internal Revenue Code. References to section 7430 are to the section as amended by section 1551 of the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2085, 2752 (effective for proceedings commenced after Dec. 31, 1985), and by section 6239(a) of the Technical and Miscellaneous Revenue Act of 1988, Pub. L. 100-647, 102 Stat. 3342, 3743-3746 (effective with respect to proceedings commenced after Nov. 10, 1988). They do not include amendments to section 7430 by section 701 of the Taxpayer Bill of Rights 2, Pub. L. 104-168, 110 Stat. 1463 (1996) (effective with respect to proceedings commenced after July 30, 1996).

## Background

Alto B. Cervin (decedent) was domiciled in Texas. Decedent had two children, Bennett W. Cervin (Cervin) and Nita-Carol Cervin Miskovitch (Miskovitch), who were the heirs and coexecutors of the Estate of Alto B. Cervin (petitioner).

Respondent determined that petitioner's gross estate included 100 percent of the proceeds from three life insurance policies and the undiscounted value of two parcels of real property. Petitioner filed a petition for redetermination in the Tax Court.

The Tax Court decided that petitioner's gross estate included 100 percent of the proceeds from the life insurance policies and that a 20-percent discount applied in valuing the properties. Estate of Cervin v. Commissioner, T.C. Memo. 1994-550, revd. and remanded 111 F.3d 1252 (5th Cir. 1997). We denied petitioner's motion for litigation costs under section 7430.

Petitioner appealed, asserting that only 50 percent of the life insurance proceeds should be included in decedent's gross estate and claiming entitlement to an award of reasonable litigation costs under section 7430. The Court of Appeals for the Fifth Circuit determined that petitioner had substantially prevailed with respect to the amount in controversy and that the position of the United States with respect to the insurance proceeds and the property valuation was not substantially justified. The Court of Appeals held for petitioner with respect to the life insurance proceeds and award of litigation costs and remanded the case to the Tax Court for a determination of reasonable litigation costs. Estate of Cervin v. Commissioner, supra.

## Discussion

Hourly Rate

An award of litigation costs is generally "based upon prevailing market rates for the kind or quality of services furnished".  Sec. 7430(c)(1)(B).  However, the hourly rate for attorney's fees awarded under section 7430, as in effect in this case, is limited to $75, adjusted for increases in the cost of living, unless an increased award is warranted to account for "special factors".  Sec. 7430(c)(1)(B)(iii).  See generally Pierce v. Underwood, 487 U.S. 552, 571-572 (1988); Powers v. Commissioner, 43 F.3d 172, 183 (5th Cir. 1995), affg. in part, revg. in part, and remanding in part 100 T.C. 457, 489 (1993).

Petitioner has claimed reimbursement for attorney's fees and other litigation costs for work performed by two law firms, Wilson & White, L.L.P. (Wilson & White) and Thompson & Knight, P.C. (Thompson & Knight).  These attorney's fees were billed at rates ranging from $55 to $350 per hour.  Petitioner claims a total of $224,063.55.  Petitioner contends that two separate special factors justify an increased award of attorney's fees in this case:  (1) Petitioner's attorneys possessed special skills and (2) respondent took an egregious position with respect to the life insurance and real estate issues.  Respondent contends that the award of attorney's fees should be limited to the statutory rate.  Respondent also contends that the estate should not

recover any litigation costs for Cervin's fees, because he is petitioner's coexecutor and an heir of decedent.

Petitioner claims that petitioner's attorneys have special skills that constitute a special factor under section 7430.  They allege that petitioner's attorneys have extensive knowledge and practical experience in Texas community property law, Texas insurance law, Federal tax law, litigation, and Internal Revenue Service (IRS) procedures.  Although courts have expressed willingness to consider nonlegal and technical expertise as special factors that justify an increased award of attorney's fees, they have generally rejected substantive specialization within the practice of law as such a special factor.  Powers v. Commissioner, supra at 183 (expertise in the workings of the IRS not special factor); Perales v. Casillas, 950 F.2d 1066, 1078 (5th Cir. 1992); Baker v. Bowen, 839 F.2d 1075, 1084 (5th Cir. 1988); Cozean v. Commissioner, 109 T.C. 227, 233 (1997).

Specifically, expertise in tax law has been rejected as constituting a special factor.  Powers v. Commissioner, 100 T.C. at 489; Bode v. United States, 919 F.2d 1044, 1050-1051 (5th Cir. 1990) (attorneys seeking compensation under section 7430 generally have an expertise in tax law); Cozean v. Commissioner, supra at 234.  Courts have also rejected combinations of special skills as constituting a special factor.  Perales v. Casillas, supra at 1078 (fluency in Spanish and board certification in

immigration law not special factors under Equal Access to Justice Act).

Further, for special skills to be a special factor under section 7430, petitioner must show that the skills were necessary properly to present the case. Pierce v. Underwood, supra at 572; Powers v. Commissioner, 100 T.C. at 490. Petitioner must also show that the attorney's skills are limited in availability and that an increased award of attorney's fees would alleviate this shortage. Powers v. Commissioner, 43 F.3d at 183; Pierce v. Underwood, supra at 572; Baker v. Bowen, supra at 1084-1085; Perales v. Casillas, supra at 1078-1079.

Petitioner asserts that only attorneys with special skills could have resolved the instant case so successfully, but this assertion is undermined by their claim that respondent's position so conflicted with well-settled State and Federal law as to be "egregious". Petitioner argues that respondent's position is egregious because the Court of Appeals described the position as unsupported, unreasonable, in conflict with well-established State and Federal law, and contrary to respondent's own regulations. Without citing any authority for the proposition, petitioner then asserts that it is a special factor for respondent to take an egregious position.

A position that is not substantially justified is not necessarily egregious. See Bayer v. Commissioner, T.C. Memo.

1991-282. Although the Court of Appeals identified many problems with respondent's position, it did not conclude that respondent's position was egregious. See Estate of Cervin v. Commissioner, 111 F.3d at 1261.

Merely showing that respondent's position is not substantially justified is not a special factor because, to be entitled to litigation costs under section 7430, petitioner is required to show that respondent took such a position. Sec. 7430(c)(4)(B)(i). Something that is required by a statute cannot also be the basis for exceptional treatment under the same statute. See Bayer v. Commissioner, supra. We reject petitioner's contention that respondent's position was egregious and therefore a special factor under section 7430, and we conclude that no special skills justify an increased award in the instant case. The fees to be awarded will be calculated at the maximum rate represented by $75 per hour adjusted for cost-of-living increases since 1986. See Heasley v. Commissioner, 967 F.2d 116, 125 (5th Cir. 1992), affg. in part and revg. in part T.C. Memo. 1991-189. Petitioner calculates such fees and related costs as totaling $88,963.56, including fees for services performed by Cervin and his firm.

Fees for Cervin's Services

Cervin is petitioner's coexecutor and one of petitioner's two heirs. Cervin is also a shareholder in Thompson & Knight,

one of two law firms that performed legal services for petitioner, with not more than a 1.35-percent equity interest at any relevant time. Cervin performed 67.7 hours of legal services out of a total of 145.5 hours performed by Thompson & Knight for petitioner. Wilson & White performed a total of 600.55 hours of legal services for petitioner.

Respondent argues that Cervin cannot recover litigation costs in this case because Cervin's relationship to petitioner cannot be distinguished from a taxpayer's representing himself, and pro se taxpayers cannot recover attorney's fees under section 7430. Frisch v. Commissioner, 87 T.C. 838 (1986).

In Frisch v. Commissioner, supra, we disallowed all attorney's fees that were claimed by the taxpayer, who was an attorney. In Minahan v. Commissioner, 88 T.C. 516 (1987), we disallowed all fees paid by the taxpayer-attorney to the law firm in which the taxpayer-attorney worked and of which he was president and a senior stockholder. We do not believe that the rationale of those cases applies to the circumstances of this case.

In Frisch v. Commissioner, supra, we held that the plain language of section 7430 could not be read to include lost opportunity costs of the petitioning attorney and that, in any event, his fees were not paid or incurred within the meaning of the statute. In Minahan v. Commissioner, supra, we denied fees

to one taxpayer who was a member of the law firm to which several taxpayers in related cases had paid substantially all of their litigation costs. We followed Frisch, holding that "Attorney Minahan has an equity interest in the law firm such that payment to the law firm was in fact payment to himself and not a fee actually incurred." 88 T.C. at 519.

In this case, however, the liability for fees was incurred by the estate, and Cervin was one of the representatives of the estate and one of the beneficiaries. The fees were owed to a law firm in which Cervin had a very small minority interest. The relationship between the fees incurred by the estate and the net share ultimately to be credited to Cervin is so attenuated as to be inconsequential. We do not believe that a rule that would have applied if Cervin were the petitioner in a case commenced in his individual capacity should extend to the estate in this case.

To reflect the foregoing,

An appropriate order and decision will be entered.