**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-10721
Non-Argument Calendar
_____

LYNNE A. PRICE,

*Petitioner-Appellant,*

*versus*

COMMISSIONER OF INTERNAL REVENUE,

*Respondent-Appellee.*

_____

Petition for Review of a Decision of the
U.S. Tax Court
Agency No. 25989-22
_____

Before ROSENBAUM, ABUDU, and ANDERSON, Circuit Judges.

PER CURIAM:

Lynne Price appeals the tax court's denial of her motion for $6,087 in attorney's fees as a prevailing party in a tax deficiency proceeding. *See* 26 U.S.C. § 7430. Price seeks to recover fees she paid

for legal services rendered by her husband, John S. Winkler, in relation to a joint deficiency proceeding in which he also appeared pro se. The tax court denied the request, finding that Price's payment was not an actual expenditure recoverable under § 7430. After careful review, we affirm the tax court.

## I.

The relevant facts are as follows. In September 2022, Price and Winkler received a notice of deficiency for $696 in income tax arising from their jointly filed return for tax year 2019. Soon after, Winkler, an attorney, sent himself and Price a client engagement letter for his legal services through the law firm, John S. Winkler, P.A. Price and Winkler then filed a joint petition to challenge the deficiency determination, signed by Winkler as attorney for both parties, and eventually received a concession from the IRS that they owed no deficiency.

On February 7, 2024, Winkler, on behalf of Price, submitted to the tax court a motion for attorney's fees and costs as a prevailing party under 26 U.S.C. § 7430, requesting $6,087 in attorney's fees and $60 for the filing fee. The motion included an invoice for legal services sent to Price on February 7, 2024, covering work on the case since November 13, 2022. Then, on February 20, 2024, Price wrote John S. Winkler P.A. a personal check for the invoiced amount.

The tax court denied Price's request for attorney's fees. The court reasoned that, under tax-court rules and precedent, pro se attorneys cannot recover for self-representation, nor can a spouse

recover for time spent jointly representing the couple in a tax proceeding. The court explained that there must be a "genuine liability" incurred to recover attorney's fees. And here, in the court's view, Price did not actually pay any fees because "it was payment back to the same household," which "negates any cost she would be expected to bear individually." Nonetheless, the court awarded the $60 filing fee. The court later entered a stipulated decision, which reserved Price's right to contest the denial of attorney's fees under § 7430. Price now appeals the tax court's decision. *See 26 U.S.C. § 7482(a)(1).*

## II.

We review the tax court's legal conclusions de novo and its factual findings for clear error. *Greenberg v. Comm'r of Internal Revenue*, 10 F.4th 1136, 1155 (11th Cir. 2021). Questions of statutory interpretation are legal issues we review de novo. *Id.* A factual finding is clearly erroneous only if "our review of the entire evidence leaves us with the definite and firm conviction that a mistake has been committed." *Id.* (quotation marks omitted).

## III.

Section 7430 provides that a prevailing party in a deficiency proceeding in tax court may be awarded a judgment for "reasonable litigation costs incurred." 26 U.S.C. § 7430(a)(2). Reasonable litigation costs include "reasonable fees paid or incurred for the services of attorneys in connection with the court proceeding." *Id.* § 7430(c)(1)(B)(iii).

The "paid or incurred" limitation reflects that § 7430 was designed "to compensate only actual out-of-pocket expenses or debts which would have to be paid." *United States v. McPherson*, 840 F.2d 244, 245 (4th Cir. 1988); *see Corrigan v. United States*, 27 F.3d 436, 438–39 (9th Cir. 1994) ("[T]his provision is designed to reimburse a party for *actual* costs incurred."); *Frisch v. Comm'r of Internal Revenue*, 87 T.C. 838, 845–46 (1986) (stating that § 7430 is "limited to actual expenditures.").

As a result, "a pro se attorney may not recover fees for the value of his own services, as lost opportunity costs are not fees paid or incurred . . . within the meaning of section 7430." *Minahan v. Comm'r of Internal Revenue*, 88 T.C. 516, 519 (1987); *see also U.S. Dep't of Justice, Tax Div. v. Hudson*, 626 F.3d 36, 38–39 (2d Cir. 2010); *McCormack v. United States*, 891 F.2d 24, 25 (1st Cir. 1989). Nor is a lawyer who represents herself considered an "attorney" in her own case. *Frisch*, 87 T.C. at 846.

Even if the taxpayer "actually renders payment, that does not necessarily establish that a fee has been paid or incurred within the meaning of section 7430." *Minahan*, 88 T.C. at 519. Rather, we must scrutinize "who the payment was rendered to." *Id.* In *Minahan*, for example, the tax court disallowed the recovery of fees paid to a law firm in which the taxpayer attorney had an equity interest, reasoning that "payment to the law firm was in fact payment to himself and not a fee actually incurred." *Id.* That approach is consistent with the principle in tax cases that "we look[] to the objective economic realities of a transaction rather than to the

particular form the parties employed." *Frank Lyon Co. v. United States*, 435 U.S. 561, 572–73 (1978).

Here, looking to the "objective economic realities of a transaction rather than to the particular form the parties employed," *id.*, the tax court did not clearly err in finding that Price did not actually pay or incur any genuine liability for attorney's fees under § 7430. The mere fact that Price wrote a personal check to her husband's law firm after receiving an invoice does not necessarily mean she paid or incurred any actual costs under § 7430. *See Minahan*, 88 T.C. at 519. Rather, the circumstances suggest an attempt to circumvent the rule against fee awards for pro se litigants, and to recover the time or opportunity costs expended by her attorney husband in a joint tax proceeding. *See id.*; *see also Hudson*, 626 F.3d at 38–39; *McCormack*, 891 F.2d at 25.

For starters, nothing in the record suggests that Winkler performed any legal work specific to Price, or that an attorney other than Winkler worked on the case. Rather, it appears that Winkler did all the work and that he did the exact same work for Price as he did for himself. And it's undisputed that Winkler cannot recover for that work on his own behalf. What's more, as the tax court noted, Price received a single invoice for legal services on the same day that the motion for fees was filed, which suggests the invoice "was prepared solely for the purpose of submitting the [m]otion," rather than "representing a genuine liability."

We are also not left with a firm conviction that the tax court made a mistake in viewing Price's payment for her husband's legal

services as "payment back to the same household." *See Minahan*, 88 T.C. at 519. While Price claims she wrote the check from "pre-existing separate funds," there is no evidence of her employment or source of assets, and the record otherwise shows that her husband is employed as an attorney and that they filed a joint tax return. So it was reasonable for the tax court, as in *Minahan*, to view the fees as equivalent to self-payment and "not a fee actually incurred." *Id.*

For these reasons, we affirm the tax court's denial of attorney's fees under § 7430.

**AFFIRMED.**