T.C. Memo. 2000-96

UNITED STATES TAX COURT

TED AND TAMMY ESTES, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10493-98.                    Filed March 21, 2000.

<u>Bruce A. Moates</u>, for petitioners.

<u>Bruce K. Meneely</u>, for respondent.


MEMORANDUM OPINION

DAWSON, <u>Judge</u>:  This case was assigned to Special Trial
Judge Daniel J. Dinan pursuant to Rules 180, 181, and 183.
Unless otherwise indicated, section references are to the
Internal Revenue Code in effect for the years in issue, and all
Rule references are to the Tax Court Rules of Practice and
Procedure.

The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below.

OPINION OF THE SPECIAL TRIAL JUDGE

DINAN, Special Trial Judge:  This case is before the Court on petitioners' motion, and supplemental motion, for award of litigation and administrative costs pursuant to the provisions of Rule 231 and of section 7430 of the Internal Revenue Code in effect at the time the petition in this case was filed.

Although respondent requested a hearing on this motion, we find that a hearing is not necessary.  See Rule 232(a). Accordingly, we rule on petitioners' motion on the basis of the parties' submissions and the existing record.  Petitioners resided in Oklahoma City, Oklahoma, at the time the petition was filed in this case.

Background

The overriding issue in this case was the substantiation of expenses and costs of goods sold claimed by petitioners to have been incurred in connection with petitioner husband's (petitioner) business.  While the question of whether petitioners initially maintained adequate business records remains disputed by the parties, the poor condition of the records at the time of respondent's examination is not disputed.  Petitioner contends that a fire partially destroyed his records, making them unavailable to respondent.  The parties agree that for one reason

or another complete records did not exist at the time of the audit and that reconstructions of petitioners' income and expenses had to be made. The reconstructions to a large extent were based upon petitioners' checks and deposit tickets from the years in issue. The examining agent also relied upon bank records and summary documents prepared by petitioners' accountant.

The primary issues discussed by the parties prior to the issuance of the notice of deficiency were cost of goods sold, gross receipts, and the sale of oil royalties. The third issue, sale of oil royalties, was resolved in petitioners' favor prior to the issuance of the notice of deficiency. Because petitioners believed they would owe no taxes if the first issue, cost of goods sold, were decided in their favor, petitioners in settlement negotiations agreed to concede all other issues if respondent made a favorable determination regarding the cost of goods sold amounts.

Respondent issued a statutory notice of deficiency to petitioners dated May 19, 1998. The notice set forth the following adjustments:

|  | 1992 | 1993 | 1994 |
|---|---|---|---|
| Advertising expense | ($14,725) | -0- | -0- |
| Aircraft expense | -0- | -0- | ($14,186) |
| Commission expense | -0- | $31,000 | -0- |
| Cost of goods sold | 219,038 | (2,204) | 289,491 |
| Depreciation expense | (471) | (902) | (832) |
| Gross receipts | (16,808) | 5,113 | (200,250) |

|                               | 1992     | 1993      | 1994      |
|-------------------------------|----------|-----------|-----------|
| Insurance expense             | -0-      | $7,820    | $8,763    |
| Interest income               | $228     | 524       | -0-       |
| Misc/other expense            | 2,624    | 2,704     | 3,444     |
| Net operating loss deduction  | 25,800   | 18,775    | 28,789    |
| Reclassification items        | (4,553)  | (17,062)  | (9,588)   |
| Sale of oil royalties         | -0-      | 3,048     | -0-       |
| Taxes/licenses expense        | 2,228    | (1,299)   | 3,463     |
| Travel expense                | 3,875    | 9,764     | 3,625     |
| Truck expense                 | 6,960    | -0-       | -0-       |
| Utilities/phone expense       | 4,778    | 4,587     | 5,012     |
| Self-employment tax deduction | (4,641)  | (223)     | (4,865)   |
| Capital gains and losses      | -0-      | 2,460     | (3,000)   |
| Taxable Social Security       | -0-      | 826       | 4,730     |
| Deduction for exemptions      | 2,208    | -0-       | -0-       |
| Total adjustments             | 226,541  | 64,931    | 114,596   |
| Taxable income on return[1]   | (18,756) | (39,689)  | (44,427)  |
| Taxable income as adjusted    | 207,785  | 25,242    | 70,169    |

[1]  The taxable income amounts are those which the notice of deficiency indicates were on the original returns filed by petitioners.

These adjustments resulted in the determination that petitioners were liable for the following deficiencies, section 6662(a) accuracy-related penalties, and section 6651(a)(1) additions to tax in the total amount of $114,514:

|                  | 1992     | 1993     | 1994     |
|------------------|----------|----------|----------|
| Deficiencies     | $66,446  | $4,231   | $24,438  |
| Penalties        | 13,289   | -0-      | 4,888    |
| Additions to tax | -0-      | -0-      | 1,222    |
| Total            | 79,735   | 4,231    | 30,548   |

Petitioners filed a petition with the Court on June 10, 1998, seeking a redetermination of the deficiencies stated in the notice.  Respondent filed an answer on July 9, 1998.  In the answer, respondent took the same position as reflected in the notice of deficiency.  Petitioners' counsel first met with a

representative and counsel for respondent on January 11, 1999. At this meeting, several issues were discussed. Among them were various details relating to the proper cost of goods sold amounts, including the contested issue of the amount of beginning inventory for 1992. In addition, petitioners presented documents regarding insurance premiums which respondent accepted as substantiation of properly deductible expenses.

At a meeting on January 26, 1999, petitioners presented additional material regarding the beginning inventory issue. At another meeting held on February 17, 1999, several topics were again discussed, including travel and entertainment expenses, for which respondent allowed a partial deduction. At this meeting, respondent made a settlement offer which proposed to make some concessions favorable to petitioners in exchange for reciprocal concessions. Respondent contends that petitioners provided new information with regard to the costs of goods sold issue at this meeting, but petitioners dispute this contention. After the meeting, respondent made final calculations regarding the settlement offer, and forwarded the offer to petitioners on February 23, 1999. The offer consisted of the following liabilities in the total amount of $24,540:

|                   | 1992     | 1993    | 1994  |
|-------------------|----------|---------|-------|
| Deficiencies      | $18,647  | $2,164  | -0-   |
| Penalties         | 3,729    | -0-     | -0-   |
| Additions to tax  | -0-      | -0-     | -0-   |
| Total             | 22,376   | 2,164   | -0-   |

Petitioners rejected this settlement offer.

Counsel for both parties, along with respondent's Appeals officer, met on March 23, 1999. Counsel again met on April 2, 1999, this time with petitioner present. Respondent and petitioners dispute whether and to what extent new evidence was given in these later stages of negotiation to substantiate the amounts claimed as cost of goods sold. The parties also dispute whether petitioners' personal conversations with respondent's counsel yielded information previously not available to respondent. After this meeting, however, respondent made the decision to concede the case in whole to petitioners.

A stipulated decision was entered on May 11, 1999. The decision document stated that petitioners were not liable for any deficiencies, penalties, or additions to tax.[1] The Statement of Income Tax Changes--prepared by respondent and filed with the

---

[1] The Statement of Income Tax Changes lists an overassessment for taxable year 1992 in the amount of $1,376. The decision document, however, states that there were no overpayments in the years at issue.

Court by petitioners with their motion for costs--lists the following basis for settlement of the case:[2]

|  | 1992 | 1993 | 1994 |
|---|---|---|---|
| Advertising expense | $14,725 | -0- | -0- |
| Aircraft expense | -0- | -0- | ($14,186) |
| Commission expense | -0- | ($31,000) | -0- |
| Cost of goods sold | -0- | (2,204) | -0- |
| Depreciation expense | (471) | (902) | (832) |
| Gross receipts | (16,808) | 5,113 | (200,250) |
| Insurance expense | -0- | (2,497) | (1,868) |
| Interest income | 228 | 524 | -0- |
| Misc/other expense | (2,624) | (2,704) | (3,444) |
| Net operating loss deduction | -0- | 18,775 | 28,789 |
| Reclassification items | (4,553) | (17,062) | (9,588) |
| Sale of oil royalties | -0- | 3,048 | -0- |
| Taxes/licenses expense | (2,228) | (1,299) | (3,463) |
| Travel expense | (1,938) | (4,882) | (1,813) |
| Truck expense | (6,960) | -0- | -0- |
| Utilities/phone expense | (4,778) | (4,587) | (5,012) |
| Self-employment tax deduction | 688 | -0- | -0- |
| Capital gains and losses | -0- | 2,460 | (3,000) |
| Taxable Social Security | -0- | -0- | -0- |
| Deduction for exemptions | -0- | -0- | -0- |
| Total adjustments | (24,719) | (37,217) | (214,667) |
| Taxable income on return | (18,756) | (39,689) | (44,427) |
| Taxable income as adjusted | (43,475) | (76,906) | (259,094) |

A motion by petitioners to vacate the decision was filed on June 14, 1999, and was subsequently granted. A motion by petitioners for litigation and administrative costs was filed on June 17, 1999.

---

[2] The settlement adjustments seemingly do not accurately reflect the adjustments agreed to by the parties, as reflected elsewhere in the record. The reasons for these discrepancies are unclear. The sole issue before the Court, however, is the appropriate ruling on petitioners' motion for litigation and administrative costs.

## Discussion

Section 7430 provides for the award of reasonable administrative and litigation costs to a taxpayer in an administrative or court proceeding brought against the United States involving the determination of any tax, interest, or penalty pursuant to the Internal Revenue Code. An award of administrative or litigation costs may be made where the taxpayer: (1) Is the "prevailing party"; (2) exhausted available administrative remedies;[3] and (3) did not unreasonably protract the administrative or judicial proceeding. See sec. 7430(a), (b)(1), (3). The costs claimed must also be reasonable in amount. See sec. 7430(c). These requirements are conjunctive, and failure to satisfy any one will preclude an award of costs to petitioners. See <u>Minahan v. Commissioner</u>, 88 T.C. 492, 497 (1987).

To be a "prevailing party", the taxpayer must show that (1) the taxpayer substantially prevailed with respect to the amount in controversy or with respect to the most significant issue(s) presented, and (2) the taxpayer satisfied the net worth requirement. See sec. 7430(c)(4)(A). If respondent establishes that the position of the United States in the proceeding was

---

[3] This requirement does not apply to an award for reasonable administrative costs. See sec. 7430(b)(1).

substantially justified, however, a taxpayer is not a "prevailing party" for purposes of section 7430.  See sec. 7430(c)(4)(B).[4]

After concessions by respondent, the remaining issues are: (1) Whether the position of the United States in the proceeding was substantially justified, and (2) whether the amounts of administrative and litigation costs claimed by petitioners are reasonable.  Because we hold that respondent's position was substantially justified, we need not consider respondent's alternative argument that the administrative and litigation costs requested by petitioners are not reasonable.

The substantially justified standard under section 7430 is applied as of the separate dates respondent took positions in the administrative and judicial proceedings.  See sec. 7430(c)(7). For purposes of administrative costs, the position of the United States is that taken in an administrative proceeding as of the earlier of the date of the receipt by the taxpayer of the notice of decision by the Internal Revenue Service Office of Appeals or the date of the notice of deficiency.  See sec. 7430(c)(7)(B). The position of the United States for purposes of litigation costs refers to the position of the United States in a judicial

---

[4]  Because the petition in this case was filed after July 30, 1996, under sec. 7430 the burden is on respondent to show that the Government's position was substantially justified.  See Taxpayer Bill of Rights 2, Pub. L. 104-168, sec. 701(d), 110 Stat. 1452, 1464 (1996); Maggie Management Co. v. Commissioner, 108 T.C. 430, 438 (1997).

proceeding. See sec. 7430(c)(7)(A). A judicial proceeding in this Court is commenced with the filing of a petition. See Rule 20(a). Generally, respondent initially takes a position in the litigation on the date he files the answer in response to the petition. See, e.g., Han v. Commissioner, T.C. Memo. 1993-386.

The Commissioner's position is substantially justified if that position could satisfy a reasonable person and if it has a reasonable basis in both fact and law. See Pierce v. Underwood, 487 U.S. 552, 565 (1988). Determining the reasonableness of the Commissioner's position and conduct requires considering what the Commissioner knew at the time. See DeVenney v. Commissioner, 85 T.C. 927, 930 (1985). The Commissioner's position can be justified even if the Commissioner eventually concedes the case. See Sokol v. Commissioner, 92 T.C. 760, 767 (1989).

Petitioners' records were at best in a disordered state when respondent sought to review them. Only incomplete information was available to respondent, and respondent was forced to rely upon reconstructed records to determine petitioners' tax liability. It is well established that taxpayers are required to keep adequate books and records, and in the absence of such, respondent may determine a taxpayer's tax liability by any method which respondent finds to clearly reflect income. See sec. 6001; sec. 446(b); sec. 1.6001-1(a), Income Tax Regs.; sec. 1.446-1(a)(4), (b)(1), Income Tax Regs. This is true even where the

taxpayer's records are destroyed by fire, and the taxpayer's reconstructions are inadequate. See, e.g., Jernigan v. Commissioner, T.C. Memo. 1978-13. The record in this case indicates that respondent adopted a reasonable, and therefore substantially justified, position in light of the inadequacy of petitioners' books and records and the information accessible to respondent throughout the administrative proceedings and in respondent's filing of the answer in this case on July 9, 1998.[5]

Petitioners argue that respondent was not substantially justified in his position because respondent's counsel ultimately offered to concede the entire tax liability for all years in issue based upon essentially the same information that was available to respondent prior to the issuance of the notice of deficiency. We find, however, that respondent's position was substantially justified in this case because of the lack of adequate books and records available to respondent. The fact that respondent's counsel ultimately decided to concede the case may reflect a consideration of a variety of factors--including litigation risks--which earlier were not considered or which were

---

[5] Petitioners contend that respondent's position is that taken in a notice of decision which was sent to petitioners on Jan. 15, 1998, several months before the notice of deficiency. It is unclear from the record whether this notice was in fact a final decision by the Appeals Office. This is not determinative in this case, however, because we find that respondent was substantially justified at all times during the administrative proceeding.

not weighed as heavily by respondent.  Furthermore, the record shows that the parties were actively engaged in negotiations throughout the administrative and litigation process, and that respondent did not unreasonably delay acting upon any information which he received from petitioners.

In view of the foregoing, we find that the position of the United States was substantially justified.  Accordingly, we hold that petitioners are not entitled to administrative and litigation costs under section 7430.  Based on this holding, we need not consider respondent's alternative argument that the administrative and litigation costs requested by petitioners are not reasonable.  Petitioners' motion will therefore be denied.

<u>An appropriate order and decision will be entered</u>.