T.C. Memo. 2000-256

UNITED STATES TAX COURT

CLIFFORD E. BARBOUR, JR. AND DOROTHY D. BARBOUR, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3312-97.                          Filed August 14, 2000.

Brian C. Quist, for petitioner Clifford E. Barbour.

Rebecca D. Harris and John R. Keenan, for respondent.

MEMORANDUM OPINION

DAWSON, Judge:  This case was assigned to Special Trial
Judge Robert N. Armen, Jr., pursuant to Rules 180, 181, and 183.[1]

---

[1]  All Rule references are to the Tax Court Rules of
Practice and Procedure.  Unless otherwise indicated, all section
references are to the Internal Revenue Code in effect for the
taxable years in issue.  However, all references to sec. 7430 are
to such section in effect when the petition was filed (Feb. 20,
1997).

The Court agrees with and adopts the Opinion of the Special Trial Judge, which is set forth below.

## OPINION OF THE SPECIAL TRIAL JUDGE

ARMEN, Special Trial Judge:  This matter is before the Court on the motion filed by petitioner Clifford E. Barbour (petitioner)[2] for an award of litigation costs under section 7430 and Rules 230 through 233.

The issues for decision are as follows:[3]

(1) Whether petitioner substantially prevailed with respect to the amount in controversy.  We hold that he did not.

(2) Whether petitioner substantially prevailed with respect to the most significant issue or set of issues.  We hold that he did not.

Neither party requested an evidentiary hearing, and the Court concludes that such a hearing is not necessary for the

---

[2]  Although the petition in the underlying case was filed by both Clifford E. and Dorothy D. Barbour, only Clifford E. Barbour requests an award of litigation costs.  Therefore, in our discussion of the substantive case, we shall limit all references to petitioner Clifford E. Barbour.

[3]  Respondent does not concede any of the following: (1) That petitioner exhausted his administrative remedies, see sec. 7430(b)(1); (2) that petitioner did not unreasonably protract the proceedings, see sec. 7430(b)(3); (3) that respondent's position in the court proceeding was not substantially justified, see sec. 7430(c)(4)(B); (4) that the litigation costs claimed by petitioner are reasonable, see sec. 7430(a)(2) and (c)(1); and (5) that petitioner satisfied the applicable net worth requirement, see sec. 7430(c)(4)(A)(ii).  However, in light of our holdings as to the enumerated issues, we need not address these matters.

proper disposition of petitioner's motion.  See Rule 232(a)(2).
We therefore decide the matter before us based on the record that
has been developed to date.

Background

Petitioner resided in Knoxville, Tennessee, at the time that
the petition was filed with the Court.

For the relevant periods involved herein petitioner owned
stock in several businesses, including White Pine Truck & Trailer
(White Pine), Tamperproof Identification Company, Inc.
(Tamperproof), Identrol Corporation (Identrol), and Barbour Hill
Bakery (Barbour Hill).

By notice dated December 12, 1996, respondent determined a
deficiency in petitioner's income tax in the amount of $47,946[4]
for the taxable year 1992 based on the following adjustments:

First, respondent determined that petitioner was not
entitled to claim a loss in the amount of $162,033 in connection
with White Pine based on the determination that White Pine was a
passive activity and that the passive activity loss from such
activity would be limited to passive income.  In the alternative,
respondent determined that petitioner would not be entitled to
claim the $162,033 loss because petitioner had not established
any basis in his White Pine stock.

---

[4]  All monetary amounts are rounded to the nearest dollar.

Second, respondent determined that petitioner had failed to report income in the amount of $4,958.

Third, respondent determined that petitioner was entitled to an additional deduction for interest expense in the amount of $6,239.

Finally, respondent made certain mechanical adjustments for miscellaneous itemized deductions and self-employment tax.

On February 20, 1997, petitioner filed a timely petition with the Court disputing the deficiency in tax, as well as claiming an overpayment in the amount of $96,408. In the petition, petitioner alleged that the notice of deficiency was based on incorrect conclusions and that petitioner possessed certain documents to support his position on "capital losses, charitable contributions, and investment interest". Petitioner did not, however, allege any specific errors committed by respondent in the determination of the deficiency or any specific facts relating to his claim of an overpayment.

Respondent filed an answer on April 9, 1997.

Petitioner's case was initially calendared for trial at a trial session commencing in November 1997. In October 1997, respondent filed a motion for general continuance. Respondent asserted that additional time was needed to verify whether petitioner was entitled to certain newly claimed deductions not raised by petitioner in the petition. In particular, respondent

requested additional time to verify original Forms 1120S, U.S. Income Tax Return for an S Corporation, for Tamperproof and Identrol for 1990 that had only been filed in September 1997 and with respect to which petitioner was claiming capital loss carryovers to the year in issue. Respondent also requested additional time to verify certain recently provided documentation offered in support of petitioner's alleged entitlement to an additional charitable contribution deduction and investment interest deduction. Petitioner did not oppose a continuance, respondent's motion was granted, and the case was continued. Subsequently, petitioner's case was calendared for trial at a trial session commencing in October 1998.

In September 1998, respondent advised the Court, by trial memorandum, that petitioner had raised new issues, claiming additional deductions with respect to Tamperproof, Identrol, and for a charitable contribution, that petitioner had not pleaded in his petition and which were therefore issues not properly before the Court.

At calendar call, on October 5, 1998, the parties filed with the Court a stipulation of settled issues whereby petitioner conceded, as determined in the notice of deficiency, that the loss from White Pine claimed in 1992 was a passive activity loss, and that for 1992 petitioner failed to report income in the amount of $4,958. Further, the parties stipulated several other

adjustments with respect to the charitable contribution deduction for 1992 (in the amount of $40,000), the amount of total mortgage interest, passive activity interest, investment interest paid by petitioner in 1989 through 1992, the amount of long-term capital loss with respect to Tamperproof and Identrol in 1990, and the amount of Schedule D, Capital Gains and Losses, loss for Barbour Hill for 1991. Because these various other adjustments which the parties had stipulated were not properly before the Court, the Court ordered petitioner to file an amended petition to plead properly the issues raised informally by petitioner.

The parties stipulated that as a net result of the various adjustments, the deficiency in income tax for 1992 was greater than the amount determined in the notice of deficiency, and that the deficiency for that year should be increased from $47,946 to $56,002. The parties further stipulated:

> In making the determination of the deficiency for 1992 and before entering a Decision document in this case, the parties will account for any carryforwards or carrybacks to which the petitioners may be entitled. The respondent agrees that the above stipulations produce additional deductions for the petitioners in 1993 and 1994.

At calendar call respondent also agreed to a continuance of the case in order to allow petitioner to file amended returns to claim any net operating loss carryback from 1993 to 1992.[5]

---

[5] The issue of a net operating loss carryback could not be considered by respondent until petitioner filed amended returns
(continued...)

On October 7, 1998, petitioner filed Forms 1040X, Amended U.S. Individual Income Tax Return, for 1993 and 1994. On the 1993 Form 1040X, petitioner claimed a net operating loss of $681,065 resulting from the sale of a building in 1993. On the 1994 Form 1040X, petitioner claimed a net operating loss of $1,694,742 as a result of a loss from the liquidation of White Pine. In July 1999, after several negotiations, respondent's Examination Division and petitioner reached agreement with respect to the losses claimed for 1993 and 1994 on petitioner's amended returns. The net operating loss for 1993 created a net operating loss carryback from 1993 to 1992 entitling petitioner to a refund for that year.

Petitioner filed an amended petition on December 28, 1998, conforming his pleadings to the stipulation of settled issues by formally alleging, for the first time, entitlement to increased deductions for (1) a charitable contribution, (2) capital loss carryforwards with respect to Tamperproof and Identrol, and (3) capital loss carryforward with respect to Barbour Hill. Notably, in the amended petition, petitioner did not allege entitlement to any carryback.

Subsequently, on September 22, 1999, the parties filed with the Court a stipulation of settlement, consisting of a

---

[5](...continued)
for 1993 and 1994.

computation of petitioner's tax liability for 1992 taking into account the adjustments outlined in the stipulation of settled issues filed on October 5, 1998, and the agreed allowance for the net operating loss carryback from 1993 to 1992. The parties stipulated that petitioner's tax liability for 1992, including a deficiency in the amount of $56,002, was $152,410. However, after application of the agreed allowance for the net operating loss carryback from 1993, and petitioner's total tax payments in the amount of $96,408, it was stipulated that petitioner was entitled to a refund in the amount of $90,137 for 1992.

Petitioner thereafter filed his motion for litigation costs.

## Discussion

We apply section 7430 as amended by the Taxpayer Bill of Rights 2 (TBOR2), Pub. L. 104-168, secs. 701-704, 110 Stat. 1452, 1463-1464 (1996). The amendments made by TBOR2 apply in the case of proceedings commenced after July 30, 1996. See TBOR2 secs. 701(d), 702(b), 703(b), and 704(b), 110 Stat. 1463-1464. Inasmuch as the petition herein was filed on February 20, 1997, the amendments made by TBOR2 apply in the present case.[6]

---

[6] Congress has amended sec. 7430 twice since the Taxpayer Bill of Rights 2, Pub. L. 104-168, 110 Stat. 1452 (1996). First, Congress amended sec. 7430 in the Taxpayer Relief Act of 1997 (TRA), Pub. L. 105-34, secs. 1285, 1453, 111 Stat. 788, 1038-1039, 1055. Second, Congress amended sec. 7430 in the IRS Restructuring and Reform Act of 1998 (RRA 1998), Pub. L. 105-206, sec. 3101, 112 Stat. 685, 727-730. However, the amendments made by TRA and RRA do not apply in the case of proceedings commenced
(continued...)

A. Requirements for a Judgment Under Section 7430

A judgment for litigation costs incurred in connection with a court proceeding may be awarded only if a taxpayer: (1) Is the "prevailing party"; (2) has exhausted his or her administrative remedies within the IRS; and (3) did not unreasonably protract the court proceeding. See sec. 7430(a), (b)(1), (3).

A taxpayer must satisfy each of the respective requirements in order to be entitled to an award of litigation costs under section 7430. See Rule 232(e). Upon satisfaction of these requirements, a taxpayer may be entitled to reasonable costs incurred in connection with the court proceeding. See sec. 7430(a)(2), (c)(1).

To be a prevailing party, the taxpayer must establish that he or she has substantially prevailed with respect to either the amount in controversy or the most significant issue or set of issues presented and satisfy the applicable net worth requirement. See sec. 7430(c)(4)(A); Rule 232(e).

Respondent contends that petitioner has not satisfied the requirements of section 7430(c)(4)(A); i.e, that he has not

---

[6](...continued)
before Aug. 5, 1997 (Specifically, most of the amendments made by RRA 1998 apply only to costs incurred more than 180 days after July 22, 1998, and certain amendments made by RRA 1998 apply retroactively to Aug. 5, 1997.) The petition herein was filed on February 20, 1997, and petitioner has not claimed costs incurred more than 180 days after July 22, 1998. The amendments made by TRA and RRA 1998 therefore do not apply in the present case.

substantially prevailed with respect to either the amount in controversy or the most significant issue or set of issues presented.

We consider first whether petitioner prevailed with respect to the amount in controversy.

Petitioner asserts that he substantially prevailed with respect to the amount in controversy because he ultimately became entitled to a refund in the amount of $90,136 for 1992.  However, petitioner conceded that he was liable for an increased deficiency for 1992, and the refund for 1992 results only from the application of a net operating loss carryback from 1993 to 1992.  In this regard, section 301.7430-5(d), Proced. & Admin. Regs., provides:

> Amount in controversy.  The amount in controversy shall include the amount in issue as of the administrative proceeding date as increased by any amounts subsequently placed in issue by any party.  The amount in controversy is determined without increasing or reducing the amount in controversy for amounts of loss, deduction, or credit carried over from years not in issue. [Emphasis added.]

Notably, petitioner would not have been entitled to a refund without filing amended returns for 1993 and 1994, which amended returns had not been filed until about 20 months after the petition in this case had been filed and after the parties had filed a stipulation with respect to all issues before the Court.

Given that petitioner conceded an increased deficiency and that his refund results from a carryback from a year not before

the Court, petitioner is not a prevailing party with respect to the amount in issue for the year 1992. See sec. 7430(c)(4)(A)(i)(I); sec. 301.7430-5(d), Proced. & Admin. Regs.

Even though petitioner did not substantially prevail with respect to the amount in controversy, he may nevertheless be the prevailing party if he substantially prevailed with respect to the most significant issue or set of issues presented. See sec. 7430(c)(4)(A)(i)(II); sec. 301.7430-5(e), Proced. & Admin. Regs. However, as will be discussed below, petitioner has not established that he prevailed with respect to any issue before the Court. Therefore, we need not decide which was the most significant issue or set of issues in the case.

In his original petition, petitioner disputed the entire amount of the deficiency and claimed an overpayment, but he did not raise any specific issues. Therefore, based on the original petition, the Court cannot consider properly before it any issues other than those that formed the basis for respondent's determination in the notice of deficiency. Petitioner fully conceded all substantive issues related to the deficiency determination. Specifically, petitioner conceded that White Pine was a passive activity and that he had failed to report income in the amount determined by respondent. Therefore, petitioner clearly did not prevail with respect to the issues before the Court as raised in the original petition.

- 12 -

Neither has petitioner established that he prevailed with respect to any of the issues raised in the amended petition.

The additional issues raised in the amended petition were not formally before the Court until December 28, 1998, when the amended petition was filed. See Rule 34(b); Sicanoff Vegetable Oil Corp. v. Commissioner, 27 T.C. 1056, 1066 (1957), and cases cited therein (holding that an issue not properly raised in the petition is not before the Court). Petitioner filed the amended petition to conform his pleadings to the parties' stipulations, but only after a stipulation of settled issues was filed with the Court. As such, the pleadings in the amended petition reflected the adjustments negotiated by the parties. The amended petition raised issues with respect to the total mortgage interest paid, the total passive activity interest paid, and the total investment interest paid in 1989 through 1992, petitioner's entitlement to a capital loss carryforward with respect to Tamperproof, Identrol, and Barbour Hill, and petitioner's entitlement to a charitable contribution deduction.

Although the stipulation of settled issues reflects that certain adjustments were made with respect to petitioner's 1992 tax year, there is (except as noted below) nothing in the record to allow us to decide to what extent petitioner prevailed with respect to any of these issues as initially raised by petitioner. Neither does the record allow us to compute how the various

adjustments with respect to 1989 through 1991 affect petitioner's tax liability for 1992.  What is clear is that after taking into account all of the various adjustments stipulated by the parties, the deficiency for 1992 was increased and that petitioner became entitled to a refund only as a result of the carryback from 1993.[7]  Thus, petitioner has not established that he prevailed with respect to any of the issues for the year before the Court.

It also appears that petitioner did not substantially prevail with respect to at least one of the issues raised in the amended petition.  The record indicates that petitioner initially claimed that his tax liability for 1992 should be determined by allowing a deduction for a charitable contribution in the amount of $405,000.  In the parties' stipulations, however, petitioner conceded that he was only entitled to a charitable contribution deduction in the amount of $40,000.  Petitioner can hardly be said to have substantially prevailed with respect to that issue.

---

[7] Given these facts, we also note that respondent's position was substantially justified.  Petitioner became entitled to a refund as a result of a carryback from 1993 only after he filed amended returns for those years and provided additional documentation to support his claim.  In this regard, respondent could not have been expected to ferret out all conceivable carrybacks when determining petitioner's tax liability for the year in issue.  See Clayton v. Commissioner, T.C. Memo. 1997-327, affd. 181 F.3d 79 (1st Cir. 1998).  Nor could respondent have been expected to accept petitioner's claim to a carryback without substantiating documentation.  See Sokol v. Commissioner, 92 T.C. 760, 765 n.10 (1989), Sher v. Commissioner, 89 T.C. 79, 87 (1987), affd. 861 F.2d 131 (5th Cir. 1988); Ellison v. Commissioner, T.C. Memo. 1992-741.

Based on the foregoing, petitioner has failed to establish that he substantially prevailed with respect to any issue before the Court.

Petitioner is therefore not a prevailing party within the meaning of section 7430(c)(4)(A)(i).

To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.